**Willard Junior CHUNN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–2156.***

United States Court of Appeals, Fifth Circuit.

June 19, 1972.

---

* It is appropriate to dispose of this case summarily. See Groendyke Transport, Inc. v. Davis, 5 Cir. 1969, 406 F.2d 1158.

Willard Junior Chunn, pro se.

Charles S. White-Spunner, U. S. Atty., Mobile, Ala., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Unusual as is issuance of the Great Writ of Habeas Corpus,[1] rarer still is the classic § 2255 unlawful sentence. The confused record in this case, however, indicates that Defendant apparently has been sentenced to a longer term than the statute allows. Accordingly, we vacate and remand the District

Court's order denying § 2255 relief for further appropriate proceedings.

Defendant was convicted on his pleas of guilty to post office burglary and possession of stolen money orders, violations of 18 U.S.C.A. §§ 2115[2] and 641. Importantly, Count I of the indictment encompassed the § 2115 violation, while Count II involved the § 641 charge. The transcript of the sentencing hearing held on February 13, 1967 contains the following crucial language: "The Court sentences you to ten years in the penitentiary on Count One, and the other counts, one year; all counts to run concurrently; and so all of your years will run concurrent with your ten year sentence."

Thus, it appears that Defendant has been sentenced to ten years for violating 18 U.S.C.A. § 2115, since that was Count One of the indictment. The maximum sentence allowable under § 2115 is five years.

Of course, the transcript may be in error. The formal written judgment of conviction and sentence signed the same day the sentencing hearing was held states that the ten year sentence is assessed for Count Two, and that the one year sentence is under Count One. As there is a variation between the oral sentence and the written judgment[3] we vacate and remand the

1. See, Davis v. Smith, 5 Cir., 1970, 430 F.2d 1256, 1257 n. 1; Holland v. Henderson, 5 Cir., 1972, 460 F.2d 978, 979; C. Wright, Federal Courts § 53, at 217 (2d ed. 1970).

2. Whoever forcibly breaks into or attempts to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building or part thereof, so used, any larceny or other depredation, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

3. A ten year sentence is permissible under § 641, which provides:

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the

United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

case for hearing and Findings of Fact regarding the term of the sentence *orally* [4] pronounced, and for resentencing to the extent appropriate and permissible.

Vacated and remanded.

---

4. Where there is a variance between the oral and written pronouncements of sentence, the oral pronouncement governs.

Patterson v. United States, 5 Cir., 1967, 386 F.2d 142; Henley v. Heritage, 5 Cir., 1964, 337 F.2d 847.