**Harvey Allen WARD,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 74–2701.**

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1975.

John McGuigan, Atlanta, Ga., for petitioner-appellant.

John W. Stokes, U. S. Atty., J. Robert Cooper, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before DYER, MORGAN and GEE, Circuit Judges.

PER CURIAM:

After trial on charges of interstate transportation of forged checks, violations of 18 U.S.C. § 2314, Harvey Allen Ward was found guilty by jury and sentenced by court on 8 September 1972, to a three-year prison term. When his conviction was affirmed on appeal, Ward filed a petition for reduction of sentence. At hearing on August 10, 1973, the court announced orally:

> I am going to reduce his sentence, but I am going to do it this way. I think he ought to serve some time, and the only way I can give him any time is on a split sentence, and the maximum time I can give to serve on a split sentence is six months, so I am going to give him a split sentence of six months to serve and five years' probation under very careful, strict, close supervision by the probation office.
>
> * * * * * *
>
> I want you to tell him, Mr. McGuigan, that if he so much as drinks one beer too many and gets into trouble with the authorities for anything, drunk driving, drunk on the streets, anything else, I am going to revoke his probation and he is going to prison for five years, and I don't care whether it is on the last day of the fifth year of his probation. If I revoke it, he is going to serve the whole five years.

TR. 92–93.

Defendant and his attorney were both present at the hearing. Ward was taken into custody on August 13, 1973, and began serving his sentence. Since no written order had been issued after the hearing, Ward wrote the court requesting confirmation of sentence. By reply letter of October 18, 1973, the court stated that the August 10 announcement was only a *proposed* reduction in sentence and that, owing to information obtained subsequent to the August hearing, the original sentence would be reduced to two years confinement. This decision was carried out by order of October 18, 1973. Defendant was not present at that time. Pursuant to 28 U.S.C. § 2255, Ward filed a motion to vacate the October 18 sentence as invalidly imposed in his absence, and beyond the power of the district court. The court below dismissed for failure to state a claim.

To the contrary, Ward's position has merit. The oral pronouncement[1] of sentence seems to us final. Even though the August order may not in the end have effected the reduction desired by the court,[2] the court should not have imposed a more onerous sentence—as, logically, increased years of actual confinement must be regarded—when defendant was absent. Caille v. United States, 487 F.2d 614, 616 (5th Cir. 1973). Furthermore, on the facts of this case the court had no authority on its own initiative to impose a harsher sentence after the final August decision once Ward had commenced service of that sentence. "Under the old sentence he would have been out, although on probation. Under the new sentence, he is serving added time. The excess represents an incremental punishment, a separate term of incarceration . . . This increment is what the double-jeopardy clause . . . seeks to forbid

1. An oral pronouncement of sentence is valid unless, in some instances, outside the presence of the defendant. *See* Rule 43, Federal Rules of Criminal Procedure. Any variance between oral and written versions of the same sentence will be resolved in favor of the oral sentence. Chunn v. United States, 462 F.2d 1100, 1102 (5th Cir. 1972); Patterson v. United States, 386 F.2d 142 (5th Cir. 1967);

Henley v. Heritage, 337 F.2d 847, 848 (5th Cir. 1964).

2. If Ward violated the terms of his parole, the court could revoke probation and require service of the whole sentence. 18 U.S.C. § 3653. The trial court made its intention in this regard quite clear. He would have imposed five years in prison.

. . . . The first sentence sets a maximum beyond which confinement could not continue." Sullens v. United States, 409 F.2d 545, 547–548 (5th Cir. 1969). We know here that Ward has served more than six months. If the earlier sentence was improper for any reason, there were ways to correct it short of constitutional violation.[3]

Accordingly, we reverse and remand with instructions to resentence Ward to not more than six months imprisonment and an appropriate probationary period as determined by the court in light of this opinion and Ward's actual period of confinement.

**3.** The facts of this case do not fall within the exception founded on Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947).

