Jones, J.
We hold that defendant is entitled to a new trial because of errors committed by the trial court.
On the complaint of an evidently distressed young woman, defendant was arrested for reckless driving. The complainant testified that early in the afternoon of Friday, May 30, 1975 as she was driving home from work she passed defendant in his car, whereupon he proceeded to harass her by "several times driving up behind her at a high rate of speed and then slowing abruptly just short of her car. She pulled over to the side of the road and defendant passed her, but promptly slowed down to a near stop in front of her car. The same thing happened a second time. On her way to the State Police Barracks to report defendant’s conduct complainant encountered a State trooper to whom she related what had occurred.
Defendant was convicted after a jury trial at which the only witnesses were the complainant and defendant. Defense counsel filed an affidavit of errors with Niagara County Court, seeking a reversal of the, conviction and a dismissal of the information. In response the District Attorney wrote the County Judge: "I have reviewed the motion of Charles Draper, Attorney for the above, and after researching the matter I feel that in the interest of justice and with this in mind that the motion should be granted. Therefore, there will be no answering affidavit forthcoming.” County Court affirmed the convic *297 tion and leave to appeal was granted by a member of our court.
Defendant had made a pretrial motion for an informational ruling as to the prosecution’s entitlement to use prior convictions to impeach his credibility should he take the witness stand. The hearing court had ruled that a 1974 conviction of the crime of reckless driving and two 1975 convictions of traffic violations for an improper turn and unsafe driving could be so employed. When defendant took the stand on his direct examination, before proceeding to testify with reference to the charge against him, he disclosed all three convictions.
With full recognition that the trial court is vested with authority, to be exercised in a sound discretion, to determine the permissible scope of cross-examination in each particular case, we note, nevertheless, that the exercise of this discretion is not beyond the reach of appellate review. While the issue concededly is troublesome, we conclude that there was an abuse of discretion in this instance.
It is not suggested that cross-examination of this defendant with regard to his prior conviction for reckless driving would have been admissible other than on the issue of credibility. Nor did the 1974 conviction come within any of the branches of the decision in People v Molineux (168 NY 264). As to cross-examination to impeach credibility it may be verbalized that the prior conviction demonstrated a disposition "to further self-interest at the expense of society or in derogation of the interests of others”, and thus that it was relevant on the question of defendant’s credibility. Evaluation in that perspective, where the cross-examination was accompanied with appropriate limiting instructions, might be acceptable had the charge on which defendant was being tried not been the same charge for which he had previously been convicted. The inescapable reality in this circumstance is that, whatever the clarity and vigor of any restrictive instructions, there was a very great, and to us unacceptable, risk that the jury might have considered the conviction, just two years before, as demonstrating more persuasively that defendant was disposed to drive recklessly, than that he might be disposed to lie on the witness stand. "[C]ross-examination with respect to crimes or conduct similar to that of which the defendant is presently charged may be highly prejudicial, in view of the risk, despite the most clear and forceful limiting instructions to the contrary, that the evidence will be taken as some proof of the *298 commission of the crime charged rather than be reserved solely to the issue of credibility.” (People v Sandoval, 34 NY2d 371, 377.) To be weighed as well here is the fact that in this case defendant was the only available source of the material testimony in support of his defense (id., p 378). If he were to have been kept off the witness stand by the court’s ruling the validity of the fact-finding process would have been significantly impaired.
We agree with the County Court, too, that it was error, as respondent candidly concedes and as the dissent agrees, to have ruled that the prosecution might inquire as to the traffic violations (Vehicle and Traffic Law, § 155; People v Sandoval, 34 NY2d 371, 377, supra).
We note further that it was error over timely objection to have allowed cross-examination as to defendant’s visits to taverns other than on the day of the offense with which he was charged.
The critical issue in this case, on our analysis, is whether in view of the strong and appealing nature of the prosecution’s proof these errors can be said to have been harmless. There was at least "a significant probability, rather than only a rational possibility * * * that the jury would have acquitted the defendant had it not been for the * * * errors which occurred”. (People v Crimmins, 36 NY2d 230, 242.) The jury’s choice was between the complainant’s version of the events and that of defendant; credibility was critical and proof that defendant had otherwise been shown to be an irresponsible driver could be expected quite naturally to be accorded significant weight. We conclude that these errors, at least in cumulative impact, were not harmless.
We have examined appellant’s other contentions and are of the opinion either that they are without merit or that the errors claimed were not preserved for appellate review.
Accordingly, the order of County Court, Niagara County, should be reversed, defendant’s conviction set aside, and a new trial ordered.