**Clarence WILLIAMS, Petitioner,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent.**

**No. 80–840–Civ–SMA.**

United States District Court, S. D. Florida, Miami Division.

July 28, 1980.

Anthony C. Musto, Asst. Atty. Gen., Miami, Fla., for respondent.

Peter Raben, Asst. Public Defender, Miami, Fla., for petitioner.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

ARONOVITZ, District Judge.

Clarence Williams, represented by the public defender, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Following a plea of guilty to the commission of two burglaries, the Petitioner was sentenced to concurrent terms of four and one-half years by the Circuit Court of the Eleventh Judicial Circuit of Florida. The Court further provided that after one and one-half years of the sentence had been served, the remainder was to be stayed and withheld, and be completed by a probationary term. Subsequently, on February 22, 1978, the Petitioner's probation was revoked and he was sentenced to fifteen (15) years imprisonment. Petitioner is currently in the custody of the Respondent.

As grounds for relief Williams claims that he was denied due process and his right against double jeopardy due to the imposition of a greater sentence following the revocation of his probation.

The Petitioner has exhausted his state remedies. The issue in the instant petition was raised on appeal and found to be without merit. *Williams v. State*, 378 So.2d 1317 (Fla. 3rd D.C.A.1980).

The procedure under which Petitioner was resentenced following the revocation of his probation is set forth in Fla.Stat. § 948.06(1):

The court, upon the probationer being brought before it, shall advise him of such charge of violation and if such charge is admitted [or proved] to be true may forthwith revoke, modify or continue probation and, if revoked, shall adjudge the probationer guilty of the offense charged and proven or admitted . . . and impose any sentence which it might have originally imposed before placing the probationer on probation.

In *State v. Jones,* 327 So.2d 18 (Fla.1976), the Florida Supreme Court interpreted the statute as permitting resentencing, upon probation revocation, to a term in excess of that imposed under the original sentence. The *Jones* Court, however, based its decision solely upon statutory construction, and did not consider whether such a construction violates the double jeopardy clause of the Fifth Amendment. *See also Hutchinson v. State,* 360 So.2d 1160 (Fla.App.1978).

■ In *Roberts v. United States,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943), the Supreme Court reached a contrary result in its interpretation of the federal probation statute then in effect.[1] In holding that a probationer's resentencing for violation of probation could not exceed the term of the sentence originally imposed, the Court stated that "[t]o construe the Probation Act as not permitting the increase of a definite term of imprisonment fixed by a prior valid sentence gives full meaning and effect both to the first and second sections of the Act." Id. at 272, 64 S.Ct. at 117. The *Roberts* Court, however, expressly refused to pass upon the constitutionality of resentencing a probation violator to a greater term than originally imposed. *Id.* at 265, 64 S.Ct. at 114.[2]

Justice Frankfurter, dissenting from the Supreme Court's statutory interpretation in *Roberts,* would also have upheld the constitutionality of the increased sentence upon probation violation. Like the Fifth Circuit below, Justice Frankfurter did not characterize the resentence as a second punishment:

It would be strange if the Constitution stood in the way of a system so designed for the humane treatment of offenders. To vest in courts the power of adjusting the consequences of criminal conduct to the character and capacity of an offender, as revealed by a testing period of probation, of course does not offend the safeguard of the Fifth Amendment against double punishment. By forbidding that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb", that Amendment guarded against the repetition of history by trying a man twice in a new and independent case when he already had been tried once, or punishing him for an offense when he had already suffered the punishment for it. But to set a man at large after conviction on condition of good behavior and on default of such condition to incarcerate him, is neither to try him twice nor to punish him twice. If Congress sees fit, as it has seen fit, to employ such a system of criminal justice there is nothing in the Constitution to hinder.

320 U.S. at 276–77, 64 S.Ct. at 119. (Frankfurter, J., dissenting) (citations omitted).

The Fifth Circuit, writing below in *Roberts,* had interpreted the federal probation statute as permitting increased resentencing. Thus, the Fifth Circuit had been com-

---

1. 43 Stat. 1259; 46 Stat. 503; 48 Stat. 256; 53 Stat. 1223–25, formerly 18 U.S.C. § 724–28 (repealed). The current probation statute is 18 U.S.C. § 3651.

2. Interestingly, the statute at issue in *Roberts* contained essentially the same language as Fla. Stat. § 948.06(1). The federal statute provided that upon revocation of probation, the court "may impose any sentence which might originally have been imposed." 320 U.S. at 114–15 n. 2, 64 S.Ct. at 115 n. 2.

This is not to suggest that the Florida Supreme Court was in error in the interpretation of Fla. Stat. § 948.06(1) set forth in *Jones.* The state supreme court is the final authority on the construction of state statutes, *see Israel v. Odom,* 521 F.2d 1370 (7th Cir. 1975), and this Court is limited to a determination of whether that construction comports with the requirements of the Constitution.

pelled to reach the constitutional claim of double jeopardy, and held that the resentencing did not subject a defendant to double jeopardy because the resentence, being authorized by statute, was "potentially a part of the original sentence." *Roberts v. United States*, 131 F.2d 392, 393 (5th Cir. 1942), *rev'd on other grounds* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943).

The Appellate Division of the Superior Court of New Jersey has also recently addressed the double jeopardy issue raised in this case. In *State v. Ryan*, 171 N.J.Super. 427, 409 A.2d 821 (1979), the Court considered the New Jersey probation statute, which is quite similar to Fla.Stat. § 948.-06(1). Under N.J.Rev.Stat. § 168–4, the court is empowered, upon revocation of probation, to "cause the sentence imposed to be executed or impose any sentence which might originally have been executed." Prior to *Ryan*, the New Jersey Supreme Court had construed the statute to permit a probation violator to be sentenced to a longer term than was originally imposed. *In re White*, 18 N.J. 449, 114 A.2d 261 (1955).[3] *Ryan* held this construction to be constitutional.

In so holding, the Court emphasized that the flexibility given by the statute inured to the benefit of the defendant, and relied on Justice Frankfurter's dissent in *Roberts* that the leniency shown to the defendant should not be condemned. The power to avoid serving any additional time or being subjected to an increased sentence was entirely within the control of the defendant, the Court stated, and it could not be said that the State acted arbitrarily in seeking the increased sentence based upon the defendant's probation violation. The Court viewed the original sentence imposed as merely a tentative sentence, and the probationary period as a kind of continuing presentence investigation.

The Court in *Ryan* also noted that under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), a defendant whose conviction is reversed upon appeal can be given a more severe sentence upon reconviction than originally imposed, so long as his subsequent conduct justifies the higher sentence and retaliation for taking the appeal has not motivated the new sentence. Based on *Pearce's* holding, the *Ryan* Court concluded that, "[b]y analogy, a sentence imposed after probation has been violated can reflect the added basis for evaluating defendant's amenability to reform, namely, his response to probation." 171 N.J.Super. at 436, 409 A.2d at 825.

The analogy to *Pearce* has been previously utilized by this Court in ruling upon the same issue raised in the case *sub judice*. In *Campbell v. Wainwright*, No. 79–2688–Civ–SMA (S.D.Fla. Sept. 17, 1979), this Court stated,

> [T]he sentence was imposed following revocation of probation, but it is also recognized that double jeopardy is no bar to a greater sentence as long as vindictiveness has no part in the new sentence. *North Carolina v. Pearce*, 409 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Gunsby v. Wainwright*, 596 F.2d 654 (5th Cir. 1979). The rationale of [these cases] allowing a longer sentence based on identifiable conduct not before the Court at the original sentencing should also be applicable to imposition of a sentence following revocation of probation.

*Id.* at 2.

■ Under the authorities cited above, the Court holds that the Petitioner herein has not been subjected to double jeopardy. The cases like *North Carolina v. Pearce* indicate that only when a defendant is sentenced and then resentenced for precisely the same conduct does double jeopardy come into play. Such is not the case here, because it was the Defendant's violation of probation that triggered the resentencing. The State of Florida has chosen to subject probation violators to the sentence which might have originally been imposed upon them in lieu of probation, and because the

---

**3.** Like the Florida Supreme Court in *Jones*, the New Jersey Supreme Court in *White* did not consider the constitutional implications of its decision, limiting its holding to statutory interpretation.

new sentence is based on the defendant's intervening conduct, the Constitution does not prohibit this procedure.[4] Accordingly, it is

ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is DENIED.

4. The Court also notes that the facts of this case make it particularly inappropriate to find that the Florida practice of sentencing for probation violation might constitute double jeopardy. The record indicates that at the Petitioner's original sentencing, the trial court advised the defendant of the consequences under state law for violating probation:

> THE COURT: . . . Has it been explained to you . . . that should you violate probation during any time of the probation you can be brought back before the Court and sentenced to a maximum amount represented by these informations, which is thirty years plus sixty days? Has that been explained to you?
>
> THE DEFENDANT: Yes ma'am.

*Transcript of Plea Proceedings*, at 6 (docket number 3, Appendix D). Because the Petitioner had entered into a plea agreement, this interchange may be regarded as part of the agreement, or it may be considered part of the sentence imposed by the Court. Cf. *Ward v. United States*, 508 F.2d 664 (5th Cir. 1975) (oral rendition of sentence controls over written form).