Clarence **WILLIAMS**,
Petitioner-Appellant,

v.

Louis L. **WAINWRIGHT**, as Secretary,
Department of Offender Rehabilitation,
Respondent-Appellee.

No. 80-5838.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 6, 1981.

Peter Raben, Asst. Public Defender, Eleventh Judicial Circuit, of Florida, Miami, Fla., for petitioner-appellant.

Anthony Musto, Alan T. Lipson, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before HILL, FAY and HENDERSON, Circuit Judges.

FAY, Circuit Judge:

This is an appeal from the denial of a Writ of Habeas Corpus. Petitioner-appellant, following a plea of guilty to the commission of two burglaries, was sentenced to concurrent terms of four and one-half years. The sentencing court provided that after one and one-half years had been served, the remainder was to be stayed and withheld to be completed by probation. Appellant's probation was subsequently revoked and he was sentenced to fifteen years incarceration. He asserts that the increased sentence violates his guarantee against being placed in double jeopardy. Finding that appellant's sentencing, probation revocation and resentencing were part of the statutory procedure of the State of Florida and that the procedure does not subject appellant to double jeopardy, we affirm the denial of the writ.

Appellant was charged with burglaries of two dwellings in 1976. After arraignment, he entered a plea of guilty under an arrangement whereby he would receive no more than five year sentences for the burglaries rather than the maximum fifteen

year sentences.[1] During plea proceedings, appellant was warned that, should he violate probation, he could be brought back and sentenced to thirty years and sixty days, the maximum punishment allowed by the informations.[2]

After the filing of an affidavit alleging that the appellant had violated probation and a subsequent hearing, probation was revoked. Appellant was sentenced on the original informations to concurrent fifteen year terms. On appeal to the Florida Third District Court of Appeal, appellant argued that the imposition of the fifteen year sentences was barred by the Double Jeopardy Clause of the Fifth and Fourteenth Amendments. The sentence was affirmed in *Williams v. State*, 378 So.2d 1317 (Fla.3d D.C.A. 1980). Appellant sought a Writ of Habeas Corpus in the District Court for the Southern District of Florida. The writ was denied on July 28, 1980, *Williams v. Wainwright*, 493 F.Supp. 153 (S.D.Fla.1980).

Two Florida statutes are germane to this appeal. Florida Statutes Annotated section 948.01 (West 1973 & Supp.1981) allows the court in its discretion to stay and withhold the imposition of sentence upon a defendant and place him on probation or direct the defendant to be placed on probation upon the completion of any part of a specified period of sentence. Section 948.06(1) (West 1973)[3] allows the court, upon finding a violation of probation, to impose any sentence which it might originally have imposed before placing the defendant on probation.[4] The Florida Supreme Court, without specifically facing the double jeopardy challenge, has interpreted the statute as permitting resentencing upon probation revocation to a term in excess of that imposed under the

---

1. The request of appellant's attorney during plea negotiations was as follows:

   [P]ursuant to the negotiations with the State Attorney the Defendant, at this time, would withdraw his previously entered plea of not guilty in both informations, tender a plea of guilty; would ask that the Court set down a pre-sentence investigation return date with a cap of five years with the understanding that the Court would not impose more than the three year prison sentence and two year probationary sentence...

   (R. 127)

2. The court noted that the interchange during which this was explained to appellant could be regarded as part of the plea agreement or of the sentence imposed by the court. *Williams v. Wainwright*, 493 F.Supp. 153, 156 n.4 (S.D.Fla. 1980).

3. 948.06 Violation of probation; revocation; modification; continuance

   (1) Whenever within the period of probation there is reasonable ground to believe that a probationer has violated his probation in a material respect, any parole or probation supervisor may arrest such probationer without warrant wherever found, and forthwith shall return him to the court granting such probation. Any committing magistrate may issue a warrant upon the facts being made known to him by affidavit of one having knowledge of such facts for the arrest of the probationer, returnable forthwith before the court granting such probation. Any parole or probation supervisor, all officers authorized to serve criminal process, and all peace officers of this state shall be authorized to serve and execute said warrant. The court, upon the probationer being brought before it, shall advise him of such charge of violation and if such charge is admitted to be true may forthwith revoke, modify or continue probation and, if revoked, shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he shall have previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation. If such violation of probation is not admitted by the probationer, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of probation violation. If such charge is not at said time admitted by the probationer and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer an opportunity to be fully heard on his behalf in person or by counsel. After such hearing, the court may revoke, modify, or continue the probation. If such probation is revoked, the court shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he shall have previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation.

   . . . . .

4. Since appellant's original sentencing, the Supreme Court of Florida has ruled that incarceration exceeding one year as a condition of probation is unlawful. *Villery v. Florida Parole & Probation Commission*, 396 So.2d 1107 (Fla. 1980) *see Gilmore v. State*, 393 So.2d 1163, 1165 (Fla.3d D.C.A.1981).

original sentence. *State v. Jones*, 327 So.2d 18 (Fla.1976); *see also Hutchinson v. State*, 360 So.2d 1160 (Fla. 1st D.C.A. 1978); *State v. Holmes*, 360 So.2d 380 (Fla.1978).

■ We recognize that generally jeopardy has attached when a defendant begins serving his sentence so that he will not be subjected to multiple punishment for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). If, however, judgment is vacated on appeal and a new trial held, the sentence upon conviction in the second trial can be greater than that imposed in the first provided the defendant's subsequent conduct justifies the greater sentence and retaliation for taking the appeal has not motivated the new sentence. When a greater sentence is imposed upon the revocation of probation, it can be based upon the defendant's subsequent conduct demonstrating his lack of amenability to reform. *See Roberts v. United States*, 320 U.S. 264, 276, 64 S.Ct. 113, 119, 88 L.Ed. 41, 48 (1943) (Frankfurter, J., dissenting).

■ In *Roberts v. United States*, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943), the United States Supreme Court, interpreting the federal probation statute then in effect, held that a probationer's resentencing for violation of probation could not exceed the terms of the sentence originally imposed. In so holding, it limited its decision to construction of the federal statute and specifically declined to pass upon the constitutionality of resentencing a probation violator to a greater term than originally imposed. In the case before us, however, we are dealing with a state-created system of criminal procedure, one which presumably reflects the policies and directives of the state citizens as expressed through their elected representatives. Questions of interpretation of state statutes are within the special authority of the state supreme court, and our review is limited to the question of whether the state procedure passes constitutional muster.

■ We hold that as part of the state sentencing procedure, a part of which incidentally appellant was made fully aware,[5] the increased sentence does not violate the Fifth and Fourteenth Amendment prohibition against double jeopardy. We would find it inappropriate to strike down a state procedure which has afforded appellant the benefit of a reduced sentence conditioned upon his own efforts to reform. Appellant, it will be recalled, received originally a one and one-half year custodial sentence when his attorney had asked only that he receive no more than three years in prison. It should not be viewed as the fault of the State that appellant did not uphold his part of the bargain.

As the United States Supreme Court noted in *United States v. Di Francesco*, —— U.S. ——, ——, 101 S.Ct. 426, 435, 66 L.Ed.2d 328, 343 (1980), the policy underlying resentencing differs from that which prevents appeal from being taken from an acquittal. "Historically," the Court said, "the pronouncement of sentence has never carried the finality that attaches to an acquittal." In holding that 18 U.S.C. § 3576, which allows the United States to appeal the sentence imposed upon a "dangerous special offender," does not violate double jeopardy, the Court said that the Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. The Court noted that respondent was aware that a dangerous special offender sentence is subject to increase on appeal, and his legitimate expectations were, therefore, not defeated.

■ In the case before us, while appellant may have *hoped* that even upon revo-

---

5. At the original sentencing, the following dialogue took place:

THE COURT: Has it been explained to you that should the court place you on probation for any period of time after the pre-sentence investigation has been filed that should you violate probation during any time of the pro-

bation you can be brought back before the court and sentenced to the maximum amount represented by these informations, which is thirty years plus sixty days. Has that been explained to you?

THE DEFENDANT: Yes, ma'am.

(R. 181)

cation of probation he would serve no more than the five years discussed in the plea negotiations, or the four and one-half years imposed originally, it is clear that the court placed him on notice that he could receive thirty years. No objection was made by appellant or his attorney at any time, although Florida law allows a defendant to refuse probation if he finds its terms objectionable. *See De Paulis v. Judges of the District Courts of Appeal*, 373 So.2d 663, 665 (Fla.1979); *Brown v. State*, 305 So.2d 309 (Fla. 4th D.C.A.1974); Fla.Stat.Ann. 924.06(1)(b) (West Supp.1981). Appellant derived the benefits of such leniency. In accepting these benefits, he also was bound to all terms of the agreement. This included the statutory provisions regarding resentencing in the event of revocation of probation. In the words of the well-reasoned order of the trial judge, "The State of Florida has chosen to subject probation violators to the sentence which might have originally been imposed upon them in lieu of probation, and because the new sentence is based on the defendant's intervening conduct, the Constitution does not prohibit this procedure." *Williams v. Wainwright*, 493 F.Supp. 153, 155–56 (S.D.Fla.1980).

The order denying the petition for Writ of Habeas Corpus is AFFIRMED.