**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Terry Lee FORD, Defendant and Appellant.**

**No. 13592.**

Supreme Court of South Dakota.

Submitted on Briefs April 26, 1982.

Decided Dec. 28, 1982.

Grant E. Gormley, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas F. Burns of Gribbin, Burns & Eide, Watertown, for defendant and appellant.

MORGAN, Justice.

Appellant Terry Lee Ford (Ford) was convicted of unauthorized distribution of a controlled substance. Ford appeals and we affirm in part, reverse in part, and remand.

During the evening of December 28, 1979 and the morning of December 29, 1979, a police undercover agent purchased two packets of drugs from Ford. The first purchase occurred at approximately 11:00 p.m. and the second purchase at approximately 1:00 a.m. Subsequently, Ford was arrested and tried for unauthorized distribution of a controlled substance. At trial, the court permitted the prosecuting attorney to inquire concerning Ford's previous felony convictions. A jury convicted Ford and the judge sentenced Ford to thirty-six months in the State Penitentiary. Three days later, the court increased this sentence to ten years in the State Penitentiary.

Ford raises two issues on appeal: (1) whether the trial court erred by allowing prosecutor to inquire into Ford's prior conviction for distribution of controlled substance and a prior conviction for burglary; and, (2) whether the trial court erred by increasing Ford's prison term after oral pro-

nouncement of sentence but before written judgment.[1]

Addressing admission of prior convictions, SDCL 19–14–12 states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or the accused and the crime
>
> (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or
>
> (2) involved dishonesty or false statement, regardless of the punishment.

Prior to trial, defense counsel moved in chambers to preclude the prosecutor from using Ford's prior convictions for impeachment purposes. The trial judge denied the motion. During trial, the following colloquy occurred:

> PROSECUTOR: Terry, is it true that you were convicted of burglary in Watertown, South Dakota, on April 21, 1975?
>
> DEFENDANT: Yes.
>
> DEFENSE COUNSEL: I object ....
>
> THE COURT: Overruled
>
> PROSECUTOR: I have one other question for you. Is it true that on January 19, 1976 you were convicted of unauthorized distribution of a controlled substance?
>
> DEFENSE COUNSEL: Same Objection
>
> THE COURT: Overruled.
>
> DEFENDANT: Yes.

On direct examination, Ford testified to two felony convictions. In comparison, on cross-examination, the prosecutor questioned Ford as to the specific nature of the felonies. Ford contends that admission of the nature of the felonies was prejudicial and that the prejudice outweighed the probative value of the evidence.

■ Ford's contention is not without merit. SDCL 19–14–12 is based upon Federal Rule of Evidence 609 and substantial case law exists supporting the rule that the trial court should restrict inquiry into a prior conviction similar to the crime with which a defendant is presently charged. *See, e.g., United States v. Isaac,* 449 F.2d 1040 (D.C.App.1971); *Gordon v. United States,* 383 F.2d 936 (D.C.App.1967); *United States v. Hildreth,* 387 F.2d 328 (4th Cir.1967). In *People v. Rist,* 16 Cal.3d 211, 127 Cal.Rptr. 457, 545 P.2d 833 (1976), the California Supreme Court stated that there are two bases for restricting inquiry into a similar prior conviction. The first basis is that:

> A jury which is made aware of a similar prior conviction will inevitably feel pressure to conclude that if an accused committed the prior crime he likely committed the crime charged.

*Id.* 127 Cal.Rptr. at 462, 545 P.2d at 838. The second basis is:

> the desirability in a particular case that the jury hear the defendant's version .... " '... Even though a judge might find that the prior convictions are relevant to credibility and the risk of prejudice to the defendant does not warrant their exclusion, he may nevertheless conclude that it is more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment.' "

*Id.* 127 Cal.Rptr. at 462–63, 545 P.2d at 838–39, quoting from *People v. Beagle,* 6 Cal.3d 441, 453, 99 Cal.Rptr. 313, 320, 492 P.2d 1, 8 (1972). *See also People v. Fries,* 24 Cal.3d 222, 155 Cal.Rptr. 194, 594 P.2d 19 (1979); *People v. Dickman,* 42 N.Y.2d 294, 397 N.Y.S.2d 754, 366 N.E.2d 843 (1977); *State v. Lester E. Johnson,* 254 N.W.2d 114 (S.D.1977). Further, where a defendant has two prior convictions, one which is similar and the other which is dissimilar to the crime presently charged, the "wiser path" is to exclude the similar prior conviction where the dissimilar prior conviction is

---

1. Appellant also raises an issue concerning prosecutorial misconduct during closing argument. Defense counsel, however, made no objection during closing argument and thus is precluded from raising that issue on appeal.

available for impeachment. *People v. Rist, supra.*

Here, State argues that Ford's prior conviction for distribution of controlled substance is admissible to impeach Ford's credibility under SDCL 19–14–12(1). This provision required the trial judge to apply the balancing test to weigh the probative value against the prejudicial effect of admitting evidence of a prior conviction. SDCL 19–14–12. In *State v. Lester E. Johnson, supra,* this court examined the "admission of prior criminal activity identical to the conduct for which the defendant was currently being tried." *Id.,* 254 N.W.2d at 119. In that decision, we held that the relationship between defendant's veracity and the question posed was "so tenuous that the prejudicial effect of the question undoubtedly outweighs its probative value." *Id.*

 Although *Lester E. Johnson* held that the admission of evidence as to the prior conviction was in error, the decision was limited to the facts of that case. Subsequently, in *State v. Quinn,* 286 N.W.2d 320 (S.D.1979), this court again examined SDCL 19–14–12.[2] In *Quinn,* we cautioned "trial courts to make a definite finding that the evidence is more probative than prejudicial before allowing prior convictions into

evidence." *Id.,* 286 N.W.2d at 323. Consequently, for this court on appeal to determine this evidence admissible, the record must indicate that the trial court balanced the probative value against the prejudicial effect, SDCL 19–14–12, and that the trial court made a finding on the record that the probative value outweighs the prejudice. *State v. Quinn, supra.* According to the record, at the motion hearing prior to trial, the trial judge listened to arguments by counsel and stated: "Well, it seems to the Court that the probative value would outweigh the prejudice that might result to the defendant . . . so the motion will be denied."[3] Since the record shows the trial court applied the balancing test and made a finding that the probative value outweighed the prejudice, and the cautionary instruction was given, we affirm the trial court's admission of the evidence of Ford's prior felony convictions.

The second issue raised by Ford on appeal is whether the trial court erred in increasing Ford's prison term after oral pronouncement of the sentence but before written judgment. On October 5, 1981, the trial judge orally sentenced Ford to thirty-six months in the State Penitentiary with credit for thirty-three days spent in the Coding-

2. We note that *State v. Albert Lee Johnson,* 316 N.W.2d 652 (S.D.1982), decided by this court subsequent to the parties filing their briefs in the instant case is not dispositive of this issue. In *Albert Lee Johnson,* we reviewed whether a trial court abused its discretion when it permitted the jury to consider testimony regarding a previous similar burglary committed by defendant where the defendant was charged with burglary. There, the trial court admitted the evidence pursuant to SDCL 19–12–5 which states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In *Albert Lee Johnson,* the State needed the testimony regarding the previous *uncharged* burglary to establish defendant's participation in the charged crimes. In the present case, the trial court admitted the evidence of Ford's previous similar convictions pursuant to SDCL 19–14–12(1) to impeach Ford's credibility. Al-

though the disposition of these cases is similar, *Albert Lee Johnson* and the present case are distinguishable on the facts and the law.

3. The court also stated that "the cautionary instruction that could be given should remedy the matter . . . ." The "cautionary instruction" referred to is:

A defendant's prior conviction of a felony is admitted into evidence solely for your consideration in evaluating the credibility of the defendant as a witness. It is not evidence of the defendant's guilt of the offense with which he is charged. You must not draw any inference of guilt against the defendant from such prior conviction. You may consider it only in connection with your evaluation of the credence to be given his present testimony in court.

South Dakota Pattern Jury Instruction 1–17–12. Although this "cautionary instruction" was given, we note that it is not determinative of whether this evidence is admissible. *See State v. Lester E. Johnson,* 254 N.W.2d 114, 119 n. 5 (S.D.1977).

ton County Detention Center. At that time, Ford was also remanded to the custody of the sheriff for the execution of the sentence. Three days later, before Ford was transported to the penitentiary, he was again brought before the court at the court's direction, and the court on its own motion changed the sentence. At this time, the trial judge sentenced defendant to ten years' imprisonment.

Ford contends that the court lacked the authority to increase the sentence. We agree.

█ The only provision in our criminal code authorizing a court to modify a sentence is found in SDCL 23A–31–1, which provides:

A court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided in this section for the reduction of sentence. A court may reduce a sentence:

(1) Within one year after the sentence is imposed;

(2) Within one hundred twenty days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal; or

(3) Within one hundred twenty days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction;

whichever is later. A court may also reduce a sentence upon revocation of probation or suspension of sentence as provided by law . . . .

While this provision authorizes correction and reduction of a sentence, it does not authorize the increase of a sentence as occurred here.

State, however, argues that the oral sentence of October 5 was not a valid judgment because it was not signed pursuant to SDCL 23A–27–4,[4] whereas the October 8 sentence incorporated in the signed judg-

ment is valid. The State also argues that Ford had not commenced serving the sentence and therefore the trial court had the authority to increase the sentence.

█ We dispose of the latter argument first. As we have held, "as against an unwilling defendant, a valid sentence cannot be increased in severity after he has commenced the serving thereof . . . ." *State v. Hughes,* 62 S.D. 579, 584, 255 N.W. 800, 802 (1934); *State v. Jackson,* 272 N.W.2d 102 (S.D.1978); *Ex parte Watt,* 73 S.D. 436, 44 N.W.2d 119 (1950). State argues that Ford's sentence did not commence until he was transferred to the State Penitentiary. This contention fails, since sentence commences as soon as the prisoner suffers some confinement in the custody of a sheriff. Annot., 159 A.L.R. 161 (1945). Here, Ford was immediately remanded to the custody of the county sheriff and returned to the county detention center until being transferred to the State Penitentiary. We hold that Ford commenced serving his sentence immediately after the oral sentence of October 5 and the State's argument in this respect fails.

With respect to the State's distinction between the oral imposition of sentence and the signing of the judgment thereof, when this court in *Hughes, supra,* addressed the validity of a sentence, the validity related to the power of the court to impose a sentence.

We note that our state rules of criminal procedure, SDCL ch. 23A, were adopted from the Federal Rules of Criminal Procedure. While we have not before ruled on this issue, federal courts have held that the oral sentence is the only sentence, and that the written judgment must conform to it. *United States v. Marquez,* 506 F.2d 620 (2d Cir.1974); *Chunn v. United States,* 462 F.2d 1100 (5th Cir.1972); *United States v. Raftis,* 427 F.2d 1145 (8th Cir.1970); *Borum v. United States,* 409 F.2d 433 (D.C.Cir.1967) cert. den., 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed. 230 (1969); *Rakes v. United States,*

---

**4.** SDCL 23A–27–4 provides, in pertinent part: [J]udgment of conviction shall set forth the plea, the verdict or findings, and the adjudica-

tion and sentence. . . . A judgment shall be signed by the judge and entered by the clerk.

309 F.2d 686 (4th Cir.1962). We agree. Although the oral sentence of October 5 was not reduced to a written judgment at that time, Ford began serving that sentence upon remand to the custody of the sheriff and thus the judgment signed by the court must comport with the oral pronouncement of sentence. The oral sentence of October 5, 1981, must stand.

We affirm the order of the trial court denying the motion to limit the evidence of prior convictions, and we reverse the judgment of the trial court sentencing Ford to ten years in the penitentiary, and remand with instructions to reinstate the original sentence of thirty-six months.

All the Justices concur.