STATE of South Dakota, Plaintiff
and Appellee,

v.

Robert MUNK, Defendant and
Appellant.

No. 16627.

Supreme Court of South Dakota.

Considered on Briefs Oct. 19, 1989.

Decided March 21, 1990.

David D. Wiest, Asst. Atty. Gen., Pierre, Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief, for plaintiff and appellee.

Shawn Jensen Pahlke, Office of Public Defender, Rapid City, for defendant and appellant.

WUEST, Chief Justice.

Robert Munk appeals from a judgment of conviction and sentence for uttering a no account check. SDCL 22–41–1.2. We affirm.

FACTS

In January of 1989, the state charged Munk with six counts of uttering a no account check in violation of SDCL 22–41–1.2. The parties entered into negotiations and reached a plea agreement which was presented to the trial court. The following discussion about the plea agreement took place at Munk's arraignment:

THE COURT: Would you like to outline, someone like to outline on the record what the plea negotiation is?

MR. GROFF: I think I can do so briefly, Your Honor. The Defendant was to plead guilty to one of the counts. The remaining counts on the Information would be dismissed, Counts Two through Six. *The Defendant would agree to pay full restitution* for not just this check and other checks listed on the Information, but all checks written on this bank account. And finally, the State would have a right to comment concerning sentence.

THE COURT: Okay. *Do you understand that, Mr. Munk, to be the plea bargain?*

THE DEFENDANT: *Yes.*

THE COURT: Did they promise you anything else?

THE DEFENDANT: No, sir. (emphasis added)

Munk then pled guilty to one count and the remaining five counts were dismissed.

At the sentencing hearing, the state requested full restitution. However, in pronouncing the oral sentence, the trial court, by oversight, did not mention restitution; the court simply sentenced Munk to five years in the state penitentiary and remanded him to the custody of the sheriff. When the written judgment was filed two days later, it contained a paragraph ordering Munk to pay restitution in an amount to be

determined by the victim's assistance office. Munk subsequently filed a motion to modify the judgment since it did not conform to the oral sentence. Munk filed his notice of appeal to this court before the trial court could rule on the motion.

## ISSUE

Did the trial court err by including a provision for restitution in the written judgment?

## DECISION

■ It is general settled law in this state that the oral sentence is the only sentence and the written sentence must conform to it. *State v. Cady*, 422 N.W.2d 828 (S.D. 1988); *State v. Ford*, 328 N.W.2d 263 (S.D. 1982). There is an exception to this rule: if the oral sentence is ambiguous, the written judgment may be relied upon to clarify the ambiguity. *Cady, supra.* The genesis of our settled law was the case of *State v. Hughes*, 62 S.D. 579, 584, 255 N.W. 800, 802 (1934) wherein we held that

[A]s against an *unwilling* defendant, a valid sentence cannot be increased in severity after he has commenced the serving thereof.... (emphasis added).

*Hughes, supra* was relied upon by us in *State v. Bucholz*, 403 N.W.2d 400 (S.D. 1987) and in *Ford, supra.*

■ Here, it is clear that the written judgment does not conform to the oral sentence since the oral sentence did not contain a restitution provision. A careful review of the record also shows that the *Cady* exception does not apply since the oral sentence is not ambiguous. Further, by adding the restitution provision to the written judgment, the trial court increased the severity of Munk's sentence after he had begun serving the sentence, contra to the rule set forth in *State v. Bucholz.*

However, the critical word in our prior holdings is "unwilling." Here Munk was not an "unwilling defendant." In exchange for dismissal of five felony counts of uttering no-account checks *he specifically agreed to make restitution.* He received the benefit of the bargain and it was

not improper for the trial court to require that he fulfill his part of the agreement.

Affirmed.

MORGAN, and SABERS and MILLER, JJ., concur.

HENDERSON, J., concurs with writing.

HENDERSON, Justice (concurring).

Again, this Court is confronted with an interaction between oral pronouncement of sentence and the written judgment of conviction. In discussing this interaction, I wish to express, initially, that this is a plea bargain case. Secondly, I refer SDCL 23A–7–9 to the attention of the Bar and Bench. It provides:

... Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report....

Here, the plea agreement was not rejected by the trial court nor did it defer its decision until a presentence report was considered. The plea agreement in question was accepted by the trial court but, most importantly, Munk acknowledged and agreed to it. Thirdly, a formal dismissal was filed by the prosecuting attorney setting forth that the State was dismissing five no-account check charges for the reason that Munk (a) pleaded guilty to Count I and (b) had been ordered to pay restitution and (c) Munk was sentenced on Count I.

Munk cannot have his cake and eat it too. He has plea bargained out of five no-account check charges in consideration of pleading guilty to Count I and paying "full restitution for not just this check and other checks listed on the Information, but *all checks written on this bank account.*" Therefore, the trial court, having accepted this plea agreement, honored it by ordering that the Victim's Assistance Office determined a restitution schedule.

In *State v. Wolff*, 438 N.W.2d 199 (1989), this Court detailed at great length upon the law of restitution, not only in the State of South Dakota, but in the nation. We spelled out the due process rights and stat-

utory protections afforded to defendants. I note that Munk was remanded to the custody of the Pennington County Sheriff for delivery to the Warden of the South Dakota State Penitentiary. Pursuant to our decision in *Wolff*, "... the circuit court had jurisdiction to formulate a plan of restitution." SDCL 23A–27–32. I note that the trial court prescribed that restitution was "... to be paid on a schedule prescribed by his Parole Officer." We expressed in *Wolff* at 203: "In conclusion, trial courts may prepare plans of restitution when defendants are under its jurisdiction. However, once the defendant enters the penitentiary, the Board of Pardons and Parole may prepare its own plan of restitution."