GILBERTSON, Chief Justice
(dissenting).
[¶ 29.] SDCL 23A-28-12 provides: Anyone convicted under ... [SDCL] 22-22-7 ... shall be required as part of the sentence imposed by the court to pay all or part of the cost of any necessary medical, psychological, or psychiatric treatment, or foster care of the minor resulting from the act or acts for which the defendant is convicted.
Id. (emphasis added).[3] The trial court in its sentence complied with 23A-28-12 in imposing its sentence from the bench upon Holsing when it unequivocally and without qualification declared: “You will pay for the costs of counseling for the victims. And at least one of these victims has had to have counseling, the fact you utterly disregard.” (emphasis added).
[¶ 30.] I disagree with the Court’s analysis of the jurisdictional issue in this case. The Court’s fundamental error is its determination that the sentencing court’s oral pronouncement was ambiguous with respect to restitution.
[¶ 31.] The Court also errs when it references State v. Ford, 328 N.W.2d 263 (S.D.1982), to place emphasis on a sentencing court’s written judgment over its oral sentence. Actually, in Ford, we declared the opposite.
[¶ 32.] In Ford, the trial court orally imposed a three-year prison sentence upon the defendant. 328 N.W.2d at 264. Subsequently, and without legal authority after the defendant had begun serving his sentence, the trial court had the defendant delivered back to the court and increased his sentence to ten years imprisonment.[4] *889 Id. at 267. Thereafter the trial court signed and entered its written judgment, reflective of the second oral pronouncement. Defending the trial court’s written sentence on appeal, the State argued that the ten-year sentence should stand because the first oral sentence was not signed as required by statute.[5] However, in reversing the trial court on its imposition of the ten-year sentence, we recognized that our rules of criminal procedure were patterned after the Federal Rules of Criminal Procedure and we adopted the position taken by federal courts, holding that “the oral sentence is the only sentence.” Id. at 267-268. Thereafter we subordinated the written sentence to the oral sentence by further holding that the written sentence must conform to the oral and that the original oral sentence must stand despite the trial court’s failure to make the written pronouncement comport with the oral. Id. at 268.
[¶ 33.] Relating this holding to the instant case, the sentencing court’s unambiguous oral pronouncement, that Holsing pay the costs of counseling, controls over any perceived inconsistency with the written sentence. An unambiguous oral sentence cannot be converted to an ambiguous one by reference to the subsequent written sentence of the court. The oral sentence stands alone; either it is ambiguous or it is not. Since the sentencing court suspended a portion of Holsing’s sentence on the condition that he pay these costs without qualification as to when they were incurred, the Board of Pardons and Paroles (the “Board”), retained jurisdiction over this matter, as we observed in State v. Gullickson, 2003 SD 32, 659 N.W.2d 388. In Gullickson, we noted that SDCL 23A-27-19, which applies when a sentence is conditionally suspended under SDCL 23A-27-18,[6] provides in pertinent part:
Any person whose sentence is suspended pursuant to this section is under the supervision of the [B]oard of [PJardons and [P]aroles, ... The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of the suspension.
Id. at ¶ 17, n. 3, 659 N.W.2d at 392, n. 3 (quoting SDCL 23A-27-19) (emphasis added).
[¶ 34.] Based on the foregoing analysis I would reverse the trial court’s dismissal of the State’s application for an order requiring Holsing to pay additional restitution to R.S. and remand with instructions for the trial court to transfer the State’s application to the Board for further consideration.

. See also SDCL 23A-28-1 which provides in pertinent part, "It is the policy of this state that restitution shall be made by each violator of the criminal laws to the victims of the violator’s criminal activities to the extent that the violator is reasonably able to do so.”
To date Holsing has paid $5,709.25 in restitution. There remains outstanding $190,768.83 in counseling bills incurred by R.S. Interestingly, Holsing in his brief does not challenge the fact the bills were incurred by R.S. or the reasonableness of the charges.

. In making the determination that the trial court was without legal authority to increase the defendant's sentence in this manner, we relied on SDCL 23A-31-1, the only provision in our criminal code that authorized a court to modify a sentence after its initial pronouncement. Ford, 328 N.W.2d at 267. While making provision for a reduction of an illegally imposed sentence, we observed that SDCL 23A-31-1 included no provision for increasing a sentence. Id. We also cited State v. Jackson, 272 N.W.2d 102 (S.D.1978); Ex parte Watt, 73 S.D. 436, 44 N.W.2d 119 *889 (1950); and, State v. Hughes, 62 S.D. 579, 584, 255 N.W. 800, 802 (1934) for the proposition that “a valid prison sentence cannot be increased in severity after the defendant has commenced serving it.” Id.

. In Ford, we noted that SDCL 23A-27-4 provided, in pertinent part:
[J]udgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence.... A judgment shall be signed by the judge and entered by the clerk. 328 N.W.2d at 267 (quoting SDCL 23A-27-4) (emphasis added).

. SDCL 23A-27-18, provides in pertinent part:
Upon conviction, the court having jurisdiction- to try the offense may suspend the execution of any sentence imposed during good behavior, subject to such conditions or restitution as the court may impose.