2000 SD 37

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**James C. NEITGE, Defendant and Appellant.**

**No. 21019.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 14, 2000.

Decided March 15, 2000.

---

sentence revoking his contractor license for life as a part of his criminal sentence for grand theft. We reverse.

## FACTS AND PROCEDURE

[¶ 2.] Neitge was arrested for grand theft in Sioux Falls, South Dakota on February 4, 1999. At the time of his arrest, Neitge was working in Sioux Falls as a self-employed building contractor. On December 17, 1997, Neitge contracted with Carl Scott for work on a residential construction project. Scott advanced Neitge $3,000 to purchase materials to be used on the project. After taking the $3,000, Neitge never returned to Scott's residence to perform the construction work or purchased any materials for the project. Neitge spent the $3,000 for his personal use.

[¶ 3.] He was subsequently charged by indictment with two counts of grand theft (SDCL 22–30A–1, SDCL 22–30A–17(1)). Additionally, State filed a Part II Information charging Neitge as a habitual offender (SDCL 22–7–7).[1] Neitge was arraigned on February 8, 1999. The circuit court advised him of his constitutional and statutory rights and of the maximum penalty he faced (i.e., ten years in the penitentiary and/or a fine of $10,000) as required by SDCL 23A–7–4. Neitge entered not guilty pleas to the two counts of grand theft.

[¶ 4.] On March 11, 1999, Neitge changed his pleas pursuant to a plea agreement. Neitge agreed to plead guilty to Count I of grand theft, (SDCL 22–30A–17(1)), a Class 4 felony.[2] The plea agreement provided there would be a cap of five years imprisonment in the state penitentiary. Neitge also understood he would have to pay restitution to Scott in the amount of $3,000.[3] State agreed these were the

Mark Barnett, Attorney General, Craig M. Eichstadt, Deputy Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Margaret A. Vandemore, Minnehaha County Public Defender's Office, Sioux Falls, South Dakota, Attorney for defendant and appellant.

GILBERTSON, Justice

[¶ 1.] Defendant James Neitge (Neitge) appeals that portion of the circuit court's

---

1. Neitge was convicted of Misappropriation of Funds by a Contractor (SDCL 44–9–13) on September 16, 1991.

2. Count II of the indictment was dismissed by the State. In addition, State dismissed the Part II Information.

3. Another condition of the plea agreement required Neitge to pay restitution in the amount of $1,500 to the victims involved in the dismissed Count II. Neitge understood and agreed to this condition as well.

terms of the plea agreement and said nothing concerning the revocation of Neitge's contractor license as a part of the agreement.

[¶ 5.] After hearing the terms of the plea agreement, the circuit court again informed Neitge of the maximum penalty he faced by pleading guilty (i.e., ten years in the penitentiary and/or a $10,000 fine) and also that the court could impose restitution. However, the circuit court made no mention of revocation of Neitge's contractor license. The circuit court informed Neitge that if it did not accept the plea agreement, it would allow him to withdraw his guilty plea. Neitge went forward and entered his plea as outlined in the plea agreement and sentencing was set for a time after completion of a presentence investigation and report.

[¶ 6.] Neitge's sentencing took place on April 12, 1999. He was sentenced to seven years in the penitentiary with two years suspended, and restitution was ordered in the amount of $4,500 to reimburse Scott and the other victims. Additionally, the circuit court revoked Neitge's Sioux Falls municipal contractor license for life. Neitge now appeals the revocation of his contractor license.

## ANALYSIS AND DECISION

[¶ 7.] **Whether the circuit court lacked jurisdiction to revoke Neitge's Sioux Falls municipal contractor license as a part of his sentence.**

■ [¶ 8.] Neitge argues the circuit court erred in ordering the revocation of his contractor license as a part of his sentence because it did not have jurisdiction to do so.

■ [¶ 9.] Initially we must note Neitge failed to object to the circuit court's revocation of his license on the specific grounds of lack of jurisdiction. However, "[j]urisdiction may be challenged at any time during the pendency of the proceedings and for the first time on appeal." *State v. Haase*, 446 N.W.2d 62, 64 (S.D.

1989) (citing SDCL 23A–8–3(3)). "We will review a sentence on appeal to determine if it exceeds the jurisdiction of the trial court ... regardless of whether the claims of the defendant were properly presented by an objection." *State v. Huftile*, 367 N.W.2d 193, 195 (S.D.1985). Jurisdiction must appear affirmatively from the record. *Id.* This Court is required to sua sponte take notice of jurisdictional questions, regardless of whether the parties raised the issue. *State v. Phipps*, 406 N.W.2d 146, 148 (S.D.1987); *Hardy v. West Central School Dist.*, 478 N.W.2d 832 (S.D.1991). In *Hardy* we held:

> This court generally has a duty to determine whether the trial court has jurisdiction over a matter as a condition precedent to its right to decide the issues involved. *Long v. Knight Const. Co., Inc.*, 262 N.W.2d 207 (S.D.1978); *Sioux City Boat Club v. Mulhall*, 79 S.D. 668, 117 N.W.2d 92 (1962). Even if none of the parties have challenged jurisdiction, this court will, sua sponte, determine whether the lower court had jurisdiction. *Estate of Putnam*, 254 N.W.2d 460 (S.D. 1977); *Shryock v. Mitchell Concrete Products, Inc.*, 87 S.D. 566, 212 N.W.2d 498 (1973); *Tri–State Milling Co. v. Board of County Comrs., Pennington County*, 75 S.D. 466, 68 N.W.2d 104 (1955).

*Id.* at 833. Although Neitge did not specify to the circuit court the grounds upon which his objection was founded, we find it necessary to make a sua sponte determination of jurisdiction.

■ [¶ 10.] Whether the circuit court had jurisdiction in this case is a question of law, reviewable de novo by this Court. *In re Estate of Galada*, 1999 SD 21, ¶ 8, 589 N.W.2d 221, 222 (citing *Kroupa v. Kroupa*, 1998 SD 4, ¶ 10, 574 N.W.2d 208, 210). Neitge argues the circuit court did not have subject-matter jurisdiction to impose the portion of the sentence that revoked his contractor license. " 'Subject-matter jurisdiction' entails the power of a court to

hear a case, determine the facts, apply the law and set a penalty." *Haase*, 446 N.W.2d at 64 (citing *Zelenka v. State*, 83 Wis.2d 601, 266 N.W.2d 279 (1978)). State argues circuit courts have been granted exclusive jurisdiction over felony cases pursuant to SDCL 16–6–12, which provides:

> The circuit court has exclusive original jurisdiction to try and determine all cases of felony, and original jurisdiction concurrent with courts of limited jurisdiction as provided by law to try and determine all cases of misdemeanor and actions or proceedings for violation of any ordinance, bylaw, or other police regulation of political subdivisions.

Thus, State argues, the circuit court had jurisdiction to hear and enter any penalty in Neitge's case because it involved grand theft, a felony.

[¶ 11.] While the circuit court in this case had jurisdiction to hear Neitge's felony case, it did not have statutory authority to revoke his contractor license for life as part of the criminal sentence. To render a valid judgment and sentence, the circuit court must have authority to pronounce and enter the particular judgment and sentence rendered. 21 Am.Jur.2d *Criminal Law* § 336. Neitge pled guilty to grand theft, a Class 4 felony. SDCL 22–30A–17. Thus, pursuant to SDCL 22–6–1(6), the maximum penalty authorized by law for a Class 4 felony is ten years imprisonment in the state penitentiary and/or a $10,000 fine. While the circuit court presiding over a felony case has the authority to enter a penalty for the crime, the penalty must be one authorized by law. As such, the circuit court exceeded its bounds of authority when it revoked a contractor's license, as there is no language in SDCL 22–6–1(7) authorizing such a penalty.[4]

[¶ 12.] Rather, a revocation of a contractor's license is controlled by municipal administrative procedure.[5] The City of Sioux Falls has its own licensing requirements, which are found in Sioux Falls Code (SFC), Article VIII, entitled "Residential Building Contractors." Pursuant to SFC § 11–93, the assistant director of building services is empowered with the discretion to suspend, revoke, or refuse to renew a contractor's license.[6] A revocation by the assistant director of building services may be appealed to the building board of appeals and examiners. SFC

---

4. The Legislature in recognizing this problem has authorized as a specific part of a criminal sentence, the revocation of a driver's license for Driving Under the Influence. SDCL 32–23–4 authorizes the circuit court to "unconditionally revoke the defendant's driving privileges for such period of time as may be determined by the court ..." as part of the criminal sentence. *See also* SDCL 41–6–74 for revocation of hunting and fishing licenses for one year for violation of applicable game and fish laws and SDCL 41–8–29 for cancellation of a trapping license upon conviction.

5. There is no state-level licensing requirements for general contractors; however, most larger cities have their own licensing procedures for contractors performing work within their city limits.

6. SFC § 11–93 provides:
   The assistant director of building services, may suspend, revoke, or refuse to renew a license if he finds:

(1) In his discretion that the order is in the public interest; and
(2) Based upon substantial evidence presented, the applicant or licensee:
  a. Has filed an application for a license which is incomplete in any material respect or contains statements which are false or misleading.
  b. Has engaged in any fraudulent, deceptive, or dishonest act or practice.
  c. Has violated any applicable provision of this code, city ordinance, rule, regulation or state law.
  d. Fails to file with the assistant director of building services the necessary bonds or certificate of insurance.
  e. Fails to provide copies of records in the person's possessions related to a matter under investigation.
  f. Fails to pay inspection and permit fees in a timely manner as determined by the assistant director of building services.

§ 11–94. Notice of a hearing is required. SFC § 11–95. Witnesses may be called at the hearing, and the board must enter findings of fact. SFC § 11–96. Only after these administrative remedies are exhausted, may the board's decision be appealed to the circuit court. SFC § 11–97. Failure to exhaust administrative remedies where required is a jurisdictional defect. *SD Bd. of Regents v. Heege,* 428 N.W.2d 535, 539 (1988). No recognized exceptions to the exhaustion requirement are applicable in this case. *Id.* As a practical matter, the City of Sioux Falls will have ample time to consider revocation of the license without risk to the citizens of Sioux Falls as Neitge is serving five years in the penitentiary.

[¶ 13.] Thus, only the board of building services has jurisdiction to revoke a contractor's license. The circuit court in this case had no authority to revoke Neitge's contractor license as part of his sentence for grand theft. It is fundamental that "[a] judgment rendered by a court without jurisdiction to pronounce it is wholly void and without any force or effect whatever." *Haase,* 446 N.W.2d at 64 (citing *State v. Mee,* 67 S.D. 589, 297 N.W. 40 (1941)); *Nolan v. Nolan,* 490 N.W.2d 517, 520 (S.D.1992). Accordingly, that portion of the circuit court's sentence revoking Neitge's contractor license is reversed.

[¶ 14.] Reversed and remanded for entry of an amended sentence consistent with this opinion.

[¶ 15.] MILLER, Chief Justice, and SABERS, AMUNDSON and KONENKAMP, Justices, concur.