2003 SD 32

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Larry GULLICKSON, Defendant and Appellee.**

**No. 22472.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 10, 2003.

Decided March 19, 2003.

Lawrence E. Long, Attorney General, Richard M. Williams, Assistant Attorney General, Pierre, for plaintiff and appellant.

David O. Carter, Sioux Falls, for defendant and appellee.

GILBERTSON, Chief Justice.

[¶ 1.] This appeal arises after the trial court concluded it did not have jurisdiction to hear the State's motion to enforce court ordered restitution against Larry Gullickson (Gullickson). We reverse the circuit court's order.

## FACTS AND PROCEDURE

[¶ 2.] Gullickson was an attorney and tax preparer who served as the trustee for several trusts. In December of 1993, after an accountant for one of the estates uncovered a theft of money by Gullickson, a criminal investigation began. Ultimately, fourteen separate incidents of embezzlement were uncovered that involved eight different victims.

[¶ 3.] Gullickson entered into an agreement with the State in which he agreed to plead guilty to embezzlement of property received in trust, contrary to the provisions of SDCL 22–30A–10 [1] and SDCL 22–30A–17.[2] A second count, forgery in violation of SDCL 22–39–36, was dismissed. As part of the plea agreement, Gullickson promised to make full restitution of $101,930.38 to his victims.

[¶ 4.] At his sentencing, Gullickson received a ten-year prison sentence and was ordered to make restitution. About a year later, Gullickson was granted a sentence modification that reduced his sentence from ten to eight years. The other terms of the original judgment, including restitution, remained unchanged.

[¶ 5.] After Gullickson was released from prison on May 18, 2000, he continued making restitution payments. However, he stopped making payments after December 5, 2000. At that time, he still owed over $40,000 in restitution. Therefore, on April 16, 2002, the State made a motion to the circuit court for an order to show cause as to why Gullickson should not continue making the court ordered restitution.

---

1. SDCL 22–30A–10 provides:

    Any person, who has been entrusted with the property of another, who, with intent to defraud, appropriates such property to a use or purpose not in the due and lawful execution of his trust, is guilty of theft. A distinct act of taking is not necessary to constitute theft under this section.

2. SDCL 22–30A–17 provides, in relevant part:

    Theft is grand theft, if:
    (1) The value of the property stolen exceeds five hundred dollars;

    . . .

    (3) Property of any value is taken from the person of another;

[¶ 6.] The day before the hearing, the circuit court, sua sponte, raised the issue of jurisdiction. After hearing the parties' arguments on the jurisdictional issue, the circuit court entered its order that denied the State's motion, deciding that it lacked jurisdiction to hear the merits of the case. The trial court found that once a defendant is sentenced to the executive branch of government, the judicial branch loses jurisdiction over the ability to collect restitution. The State brings this appeal, raising the following issue for our consideration:

Whether the circuit court has jurisdiction to enforce the restitution order.

## STANDARD OF REVIEW

[¶ 7.] Because this appeal requires us to decide whether the circuit court has jurisdiction to hear the merits of the case, our review is de novo. *State v. Neitge*, 2000 SD 37, ¶ 10, 607 N.W.2d 258, 260 (citations omitted).

## ANALYSIS AND DECISION

[¶ 8.] It is the policy of this state that restitution is to be made by the violator to the victims of the criminal acts to the extent that the violator is reasonably able to do so. Pursuant to SDCL 23A-28-1:

It is the policy of this state that restitution shall be made by each violator of the criminal laws to the victims of the violator's criminal activities to the extent that the violator is reasonably able to do so. An order of restitution may be enforced by the state or a victim named in the order to receive the restitution in the same manner as a judgment in a civil action.

[¶ 9.] The State brought its motion for an order to show cause pursuant to SDCL 23A-27-25.4. This statute provides:

If a defendant sentenced to pay a fine, costs or restitution, defaults in the timely payment thereof, the court may, upon its own motion or upon motion of the state's attorney, require the defendant to show cause why he should not be imprisoned or jailed for nonpayment. The court may issue a warrant of arrest, bench warrant or order to show cause for the defendant's appearance.

[¶ 10.] Furthermore, the State asserts that the circuit court has authority under SDCL 23A-27-25.5 to enforce the restitution order. This statute provides:

No defendant may be imprisoned or jailed for failure to pay a fine, costs and restitution or have his suspended prison or jail sentence revoked without a prior hearing. At the hearing, the defendant shall have the burden of proof to establish to the reasonable satisfaction of the magistrate or circuit judge that he did not willfully fail to pay the fine, costs or restitution or that he did make a bona fide effort to pay the fine, costs or restitution.

Failure by the defendant to make such a showing shall be grounds for being imprisoned or jailed. If the sentence provided for payment of fine, costs or restitution only, the term of jail or imprisonment shall be no longer than the number of days equal to the total amount of the fine, costs and restitution imposed divided by twenty. For purposes of making this computation, any fraction of less than one day shall be dropped from the term of imprisonment. In no event may such imprisonment for failure to pay the fine, costs and restitution together with all other time served or to be served exceed the maximum allowed by statute.

If the defendant establishes nonpayment was not willful, or that he did make a bona fide effort to pay, he may not be imprisoned or jailed for nonpayment. The magistrate or circuit judge shall

consider other alternatives which take into account the state's interest in punishment and deterrence.

The court shall make findings in its decision.

These statutes contain elements of both civil and criminal contempt. They allow the trial court broad latitude in fashioning a method of dealing with the issue of unpaid restitution.

[¶ 11.] It was Gullickson's position before the trial court that under SDCL 23A–28–8, as it existed in 1995 at the time he received his sentence, the circuit court does not have the requisite jurisdiction to now enforce the order of restitution. SDCL 23A–28–8 was amended in 2001 so that it now provides:

> Failure of the defendant to comply with § 23A–28–3 or to comply with the plan of restitution as approved or modified by the court constitutes a violation of the conditions of probation. Without limitation, the court may modify the plan of restitution or extend the period of time for restitution, *regardless of whether the defendant is no longer on probation.* If the defendant fails to make payment as ordered by the court, the defendant may be held in contempt of the court's order. (emphasis added.)

■ [¶ 12.] However, this statute, as it existed in 1978 and through the time of Gullickson's crime and sentence, provided, "[t]he court may modify the plan of restitution or extend the period of time for restitution, *but not beyond the maximum probationary period.*" Essentially, Gullickson argues that the statute's language as it existed at the time of his sentencing is what should be applied by the court; otherwise, it would be a violation of ex post facto constitutional provisions. The State replies that SDCL 23A–28–8 is inapplicable to this case. We agree. Gullickson was never placed on probation by the trial

court. He was sent to the penitentiary and later paroled therefrom.

[¶ 13.] The circuit court, in the motion hearing, concluded that it lacked jurisdiction over Gullickson to compel him to pay his restitution obligation. It reasoned:

> This Court is of the opinion that when this Court sentences the defendant to the Department of Corrections that the matter and the execution of the sentence is then left in the hands of the ... Department of Corrections and that would include the restitution ... [T]his court is of the opinion that it does not reacquire jurisdiction, that once the defendant is sentenced to the penitentiary that the matter then rests with the executive branch ... [T]he sentence of the Court never anticipated that this Court even if it had jurisdiction would be responsible at some later time for collecting the restitution.

■ [¶ 14.] We hold that the circuit court has jurisdiction over Gullickson to compel him to pay the court-ordered restitution. This conclusion is arrived at after an analysis of the relevant statutory authority.

[¶ 15.] There appears to be confusion between the parties as to which statutes apply to the instant case. We first note that at the time the State brought its motion to show cause, Gullickson was no longer under the control of the Board of Pardons and Paroles because he was released from prison and later supervision under parole. Although while Gullickson was in confinement in the penitentiary, SDCL 23A–28–3 gave the Board of Pardons and Paroles the power to prepare a plan of restitution, we have held before that this power does not extend to the authority to set restitution in the first place. *See State v. Wolff,* 438 N.W.2d 199, 201 (S.D.1989).

[¶ 16.] Second, the circuit court ordered restitution, separate and independent of Gullickson's prison sentence. SDCL 22–6–1 provides in pertinent part:

The court, in imposing sentence on a defendant who has been found guilty of a felony, shall order *in addition to the sentence* that is imposed pursuant to provisions of this section, that the defendant make restitution to any victim in accordance with the provisions of chapter 23A–28. (emphasis added.)

[¶ 17.] Although SDCL 23A–27–19 deprives the circuit court of jurisdiction for the purpose of revoking a suspended sentence while the defendant remains under the Board's jurisdiction, the restitution ordered was not made a condition of Gullickson's partially suspended sentence. Additionally, the language of SDCL 23A–27–19 [3] does not specifically mention "restitution." It clearly is limited to the circuit court's jurisdiction to suspend sentences and has nothing to do with enforcement of restitution orders.

[¶ 18.] Rather, SDCL 23A–27–25.4—25.5 provide the mechanism for which an order of restitution may be enforced. Because restitution acts as an independent judgment to any other sentence imposed, it must have an avenue for collection other than being tied to the conditions of probation, suspended sentence, or collection by the Department of Corrections while the defendant is incarcerated.

■ [¶ 19.] Moreover, the circuit court has the inherent power to enforce the terms of its orders. This authority includes the power to "punish for willful and contumacious failure to pay money," similar to a case where one party to a divorce action refuses to follow the orders of a court in a property division. *See Hanks v. Hanks,* 334 N.W.2d 856, 857 (S.D.1983). Where restitution is substantial as in this case, the only reasonable hope of making full restitution to the victims is to make the payments small enough that they can be made by the defendant's obtaining the means of repayment, such as obtaining a job upon the defendant's release from prison.

[¶ 20.] As part of Gullickson's plea, he agreed to aid law enforcement in its continued investigation involving trusts in which he was trustee. In exchange, Gullickson received use immunity for any crimes discovered due to his cooperation. Significantly, pursuant to this plea agreement, Gullickson agreed to make full restitution for each act of embezzlement which was uncovered. To allow Gullickson to unilaterally void that agreement by claiming that neither the executive branch nor the judicial branch has jurisdiction over him to enforce the terms of the plea and his judgment of conviction would be contrary to the intent of our state's policy on

---

3. SDCL 23A–27–19 provides:

A court which may suspend sentence under § 23A–27–18 retains jurisdiction for the purpose of suspending any such sentence for a period of one year from the effective date of the judgment of conviction, notwithstanding the fact that the time for an appeal from such judgment is limited to a shorter period of time. The court shall notify the attorney who prosecuted such person or shall notify the successor in office of such attorney at least fourteen days in advance of such suspension. Such notice shall be provided any victim by such attorney pursuant to the provisions of § 23A–27–1.2. Any person whose sentence is suspended pursuant to this section is under the supervision of the board of pardons and paroles, except as provided in § 23A–27–18.2. The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of the suspension.

restitution. It is also a violation of the plea agreement as much as if the State now sought to prosecute him for counts of embezzlement which it dismissed in part for an agreement that Gullickson make full restitution.

[¶ 21.] For the foregoing reasons, we reverse and remand for a hearing on the merits.[4]

4. Although a discharge in bankruptcy was mentioned in Gullickson's brief, the dischargeability of the judgment is not considered or decided by this Court at this time. We are remanding for a hearing "on the merits."

[¶ 22.] SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.