#23720-rev & rem-JKK

**2006 SD 40**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                                     Plaintiff and Appellee,

    v.

STEVEN E. THAYER, d/b/a VILLA
CLEANERS, VILLA RANCHAERO
CENTER, BOX ELDER, SOUTH
DAKOTA,                                                         Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JEFF W. DAVIS
Judge

* * * *

LAWRENCE E. LONG
Attorney General

ANN C. MEYER
Assistant Attorney General                             Attorneys for plaintiff
Pierre, South Dakota                                       and appellee.

JEREMIAH J. DAVIS
Pennington County Public
  Defender's Office                                        Attorneys for defendant
Rapid City, South Dakota                              and appellant.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 13, 2006

OPINION FILED **04/19/06**

#23720

KONENKAMP, Justice

[¶1.]     Defendant was convicted of sales tax evasion.  The court orally sentenced him to the state penitentiary for two years, without specifically ordering any payment of restitution.  The written judgment, however, did not conform to the oral sentence because it contained a detailed restitution obligation.  Because the judgment unlawfully imposed a harsher sentence than that imposed in the oral sentence, we reverse and remand.

## Background

[¶2.]     Steven Thayer obtained a South Dakota sales tax license in September 2001, for Villa Cleaners, a business in Box Elder, South Dakota.  As the holder of the sales tax license, he was required to file a sales tax return with the Department of Revenue and Regulation and remit payment for the reported tax on a monthly basis.  *See* SDCL 10-45-27(1).  For the months of May, June, and July 2003, Thayer filed the sales tax returns, but did not remit the amounts owed.[1]  He was subsequently charged with four counts of sales tax evasion, consisting of three class 1 misdemeanors and one class 6 felony.[2]

[¶3.]     In a plea agreement, Thayer consented to plead guilty to the felony count, and, in exchange, the State agreed to dismiss the three misdemeanor

---

1.     The amount of sales tax due for May, June, and July 2003 was $508.28, $461.16, and $555.17, respectively.  Thayer claimed that he was no longer responsible for Villa Cleaners.  Yet Thayer remained the holder of Villa's sales tax license until after July 2003.

2.     Under SDCL 10-45-48.1(2), failure to pay the sales tax within sixty days of the due date is a class 1 misdemeanor.  Failure to pay two or more times
                                                              (continued . . .)

charges. Thayer's counsel indicated that his client was seeking leniency because he had no ability to pay the delinquent taxes.

[¶4.]    Before the court accepted Thayer's plea, it informed him that the sentence would be entirely up to the court and that Thayer could not change his plea if he received a sentence more harsh than anticipated. Thayer said he understood the consequences of his guilty plea. The court accepted his plea to the class 6 felony: failure to pay sales tax two or more times in a twelve-month period. In setting the sentencing date, the court remarked that the date would be "a month down the road to give restitution a chance to see if it can be sorted out."

[¶5.]    At the sentencing hearing, Thayer confirmed that he desired to continue with his guilty plea. The prosecutor told the court that Thayer "made no effort whatsoever to get square with the State since this thing has been pending." Thus, the prosecutor requested that Thayer's "obligation to make restitution [be] separate from the sentence. Neither one is connected to the other." Defense counsel summarized Thayer's position: "Send me to prison. I don't want to pay. I can't pay."

[¶6.]    The court orally sentenced Thayer to two years in the penitentiary and left the issue of restitution for the Board of Pardons and Paroles. Specifically, the court stated, "I am going to impose the two years in the South Dakota State Penitentiary, give credit for any jail time previously spent and allow the

---

(. . . continued)
    within a twelve month period constitutes a class 6 felony.  SDCL 10-45-48.1(8).

restitution issue to be before the Board of Pardons and Paroles. If they [the Board] want to apply for time in the penitentiary as a back charge against the restitution, I have no objection to that." However, the written judgment, in addition to ordering the two-year penitentiary sentence, also ordered Thayer to pay restitution of $4,263.71 to the Department of Revenue and Regulation. Thayer appeals, claiming that the court erred by entering a judgment of conviction contrary to the oral sentence.

## Analysis and Decision

[¶7.]        When a court's written sentence differs from its oral sentence, we review it under the premise that the oral sentence controls. *See* State v. Ford, 328 NW2d 263, 268 (SD 1982); State v. Cady, 422 NW2d 828, 830 (SD 1988). Thayer asserts that the inconsistency between his oral and written sentences unlawfully imposed a harsher sentence against him. He argues that the court had no authority to extend his sentence and require that he "shall pay" tax, penalty, and interest of $4,263.71, with interest continuing to accrue.[3]

---

3.     The written sentence provides in relevant part:

ORDERED that Defendant, Steven E. Thayer, shall be and is hereby sentenced to two (2) years in incarceration in the South Dakota State Penitentiary; it is further

. . .

ORDERED that in addition, the Defendant shall pay the State of South Dakota, Department of Revenue and Regulation, all of the tax, penalty and interest due and owing or accrued to the time of the payment thereof, which obligation is owing as a result of the operation of the business known as Villa Cleaners during the period of time when [Thayer] was the holder of the South Dakota Sales tax license for said business. Said tax, penalty and interest was in the amount of $4,263.71 as of the date of sentencing with interest continuing to accrue on the portion of this obligation represented as tax as is provided by South Dakota until the date of payment thereof.

#23720

[¶8.] It is well settled that the written sentence must conform to the court's oral pronouncement. *See Ford*, 328 NW2d at 267; *Cady,* 422 NW2d at 830; State v. Munk, 453 NW2d 124, 125 (SD 1990); State v. Bucholz, 403 NW2d 400, 402-03 (SD 1987); State v. Hughes, 62 SD 579, 584, 255 NW 800, 802 (1934). Only in certain limited circumstances will this rule not apply. *See Cady*, 422 NW2d at 830; *Munk*, 453 NW2d at 125 (stating "if the oral sentence is ambiguous, the written judgment may be relied upon to clarify the ambiguity"); SDCL 23A-31-1 ("[a] court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner"); SDCL 23A-31-2 (allowing correction of clerical mistakes).

[¶9.] According to the State, the recognized exceptions apply here and the written judgment controls. The State first contends that the court contemplated imposing restitution at the plea hearing when it allowed Thayer additional time to see if restitution could be sorted out. Under this theory, the State argues that the court's oral sentence, in essence, included a restitution obligation. Then, because the court did not set a precise amount, the State asks that we deem the oral sentence ambiguous and use the written sentence for clarification.[4] *See Cady*, 422 NW2d at 830.

[¶10.] To determine if an oral sentence is ambiguous, we examine certain guiding factors. *Id.* An ambiguity exists:

> (1) when the words used have more than one meaning;
> (2) when otherwise unambiguous words are used in an unusual way;

---

4. Along the same lines, the State requests that the Court remand this matter for a restitution hearing so that the circuit court can clarify the restitution requirement.

-4-

> (3) the extent of the sentence cannot be ascertained from the language used; or
> (4) the plain meaning of the words used lead to an irrational or absurd result.

*Id.* (quoting United States v. Villano, 816 F2d 1448, 1453 n6 (10thCir 1987)).

[¶11.] Considering the above factors together with a plain reading of the oral sentence, we conclude that there was no ambiguity. First, the oral sentence did not contain words that implicated more than one meaning. Each word used by the court can be understood by its ordinary use in the English language. Further, the court did not use unambiguous words in an unusual way. Third, the extent of Thayer's sentence can be ascertained from the language used. Thayer was ordered to serve two years, with no court-imposed obligation to pay restitution. Finally, the plain meaning of the words used does not lead to an irrational or absurd result. It is within the court's discretion to require a defendant to pay restitution.

[¶12.] Next, the State argues that the oral sentence is ambiguous because the court acted without authority when it empowered the Board of Pardons and Paroles to set restitution. State v. Gullickson, 2003 SD 32, ¶15, 659 NW2d 388, 391 (stating that the Board's power to prepare and administer a plan of restitution "does not extend to the authority to set restitution in the first place") (citing State v. Wolff, 438 NW2d 199, 201 (SD 1989)). Assuming the State is correct on this point, it nonetheless cites no authority that a court's purported legal misconception makes an oral sentence ambiguous. Instead, the oral sentence clearly sentenced Thayer to serve two years in the penitentiary and left the question open whether the Board of Pardons and Paroles might impose restitution. *See* State v. Hurst, 507 NW2d 918,

923 (SD 1983) (holding that circuit court's suggestion that Board require defendant to pay restitution was dicta).

[¶13.]     As an alternative, the State asserts that by placing power in the Board, the court has either pronounced an illegal sentence or imposed Thayer's sentence in an illegal manner, requiring correction under SDCL 23A-31-1.[5] However, the State cites no authority to support its theory that by leaving the issue of restitution to the Board the court acted illegally.  More importantly, the State's reliance on this statute is mistaken.  SDCL 23A-31-1 may not be used to increase a defendant's sentence.  *See* State v. Tibbetts, 333 NW2d 440, 441 (SD 1983) (citing *Ford*, 328 NW2d 263); *see also Bucholz*, 403 NW2d at 402.

[¶14.]     Nevertheless, in addressing the State's argument, we are unable to conclude that the oral sentence was illegal or was imposed in an illegal manner. *State v. Sieler* defined what makes a sentence illegal and what could cause a sentence to be imposed in an illegal manner under SDCL 23A-31-1.  1996 SD 114, ¶6, 554 NW2d 477, 479 (citations omitted).  "'Sentences imposed in an *illegal manner* are within the relevant statutory limits[,] but are imposed in a way which violates defendant's right to not have his sentence enhanced once the defendant has left the judicial branch of government and is within the jurisdiction of the executive branch."  *Id*. (emphasis added) (citations omitted).  Illegal sentences are "essentially

---

5.     SDCL 23A-31-1 (Rule 35) allows a court to "correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided in this section for the reduction of sentence."

only those which exceed the relevant statutory maximum limits or violate double jeopardy or are ambiguous or internally contradictory.'" *Id.* (citations omitted).

[¶15.]    First, the court's oral sentence was not imposed in an illegal manner. It in no way violated Thayer's right not to have his sentence enhanced, and it is within the statutory limit. Second, we cannot say that by suggesting that restitution be considered by the Board the court pronounced an illegal sentence. The sentence does not exceed the statutory maximum, does not violate Thayer's right to be free from double jeopardy, and creates no ambiguity or internal contradictions.

[¶16.]    Moreover, had the court contemplated imposing restitution against Thayer, it was required to act in accordance with SDCL 23A-27-1 and SDCL ch. 23A-28. *See Wolff*, 438 NW2d at 201 (citing SDCL 23A-27-1). Here, no such compliance is evident. For example, while a court has broad discretion in determining whether restitution will be imposed against a defendant, SDCL 23A-28-3 requires that when imposing restitution the court "*shall* set forth in the judgment the names and specific amounts of restitution owed each victim."[6] (Emphasis added). Here the court did not identify the victim in its oral pronouncement, nor did it discuss or allude to an amount of restitution that Thayer would owe. Only after the court satisfies this statutory obligation, can the Board of Pardons and Paroles establish a plan for a defendant's payment of restitution. *See id.* ("The Department of Corrections shall establish the collection schedule for *court-*

---

6.    Under SDCL 23A-28-1, the court *may* require a defendant pay restitution, to the extent that the defendant is able to do so.

*ordered* restitution while the defendant is in the penitentiary or on parole." (Emphasis added)).

[¶17.] Additionally, when restitution will be imposed as part of the sentence, the court has a duty to inform the defendant of this possibility and then afford the defendant an opportunity for a hearing on the matter. *See* State v. Tuttle, 460 NW2d 157 (SD 1990) (stating "that a hearing on restitution is necessary because 'due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard'"). At no time, in either the plea hearing or sentencing hearing, did the court mention to Thayer that he might be *ordered* to pay restitution in addition to the maximum prison sentence. Nor did the court offer him an opportunity to contest the possibility of such an obligation.

[¶18.] This is not a case where the defendant volunteered to pay restitution. Thayer wanted prison time in lieu of restitution, making him an unwilling defendant. In *Munk*, 453 NW2d at 125, the defendant *willingly* agreed to pay restitution and we stated that the requirement that a sentence not be increased against an *unwilling* defendant did not apply. Here, on the other hand, by adding to the written judgment that Thayer was required to pay restitution to the Department of Revenue and Regulation as part of his sentence, the court unlawfully increased his punishment.

[¶19.]     Because the written sentence unlawfully enhanced the court's oral sentence, we reverse and order that the judgment be amended to remove the portion of the sentence requiring Thayer to pay restitution.

[¶20.]     Reversed and remanded.

[¶21.]     GILBERTSON, Chief Justice, and SABERS, ZINTER and MEIERHENRY, Justices, concur.