#24334, 24367-a-MACY, Circuit Judge
**2007 SD 72**

* * * *

STATE OF SOUTH DAKOTA,    Plaintiff and Appellant,

  v.

JEFFREY J. HOLSING,    Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

* * * *

HONORABLE RODNEY J. STEELE
Judge

* * * *

WILLIAM J. JANKLOW
Brandon, South Dakota

CLYDE R. CALHOON
Brookings County State's Attorney

WM. MARK KRATCHOVIL
Brookings County Deputy State's Attorney  Attorneys for plaintiff
Brookings, South Dakota      and appellant.

MELISSA E. NEVILLE and
RICHARD A. SOMMERS of
Bantz, Gosch & Cremer      Attorneys for defendant
Aberdeen, South Dakota      and appellee.

* * * *

ARGUED
APRIL 25, 2007

OPINION FILED 7/18/07

MACY, Circuit Judge

[¶1.] The trial court concluded it did not have jurisdiction to order Jeffrey J. Holsing (Holsing) to pay additional restitution. Accordingly, it dismissed the State's motion for an order to show cause why Holsing should not be held in contempt for failure to pay restitution. We affirm.

## FACTS AND PROCEDURE

[¶2.] On May 26, 1998, Holsing pleaded *nolo contendere* to three counts of sexual contact with a minor. One of the three victims was R.S. On August 12, 1998, the trial court sentenced Holsing to three concurrent 7-1/2 year terms in the South Dakota State Penitentiary. The trial court suspended three years of each sentence on certain conditions, one of which was Holsing make restitution to the victims for the costs of counseling. The trial court further ordered that restitution be paid according to a schedule to be determined by the Board of Pardons and Paroles (Board), should Holsing make parole.

[¶3.] On December 13, 2002, the Board held a restitution hearing. The victims were given notice of the hearing. The amount of restitution for R.S. was set at $5,709.25. R.S. did not object to the Board's plan of restitution. Holsing paid restitution of $5,709.25 to R.S. while on parole. A certificate of discharge from parole was issued on July 25, 2004. On August 12, 2004, Holsing's citizenship rights were restored.

[¶4.] On July 8, 2005, the State filed an application for order to show cause against Holsing seeking to have the trial court order Holsing to pay an additional $190,768.83 in restitution to R.S. The trial court dismissed the State's application

concluding that it no longer had jurisdiction to order Holsing to pay additional restitution.

## ISSUE

[¶5.] **Whether the trial court had jurisdiction to order Holsing to pay additional restitution.**

## STANDARD OF REVIEW

[¶6.] Questions of jurisdiction are reviewed by this Court *de novo*. State v. Neitge, 2000 SD 37, ¶10, 607 NW2d 258, 260.

## DECISION

[¶7.] At the time Holsing was sentenced he was advised that restitution would be a part of his sentence. SDCL 22-6-1 and 22-6-2 authorize trial courts, as part of the sentence, to order a felony or misdemeanor defendant to pay restitution to a victim. In imposing sentence the courts shall enter an order of restitution in accordance with SDCL 23A-27-1 and SDCL ch 23A-28. Defendants have due process rights concerning restitution. *See* State v. Tuttle, 460 NW2d 157 (SD 1990). Imposition of restitution requires similar procedural protections as those employed in criminal sentencing. *Id*. at 158 ; *see also* State v. Ruttman, 1999 SD 112, ¶3, 598 NW2d 910, 911.

[¶8.] The trial court advised Holsing that restitution would be a part of his sentence. As part of the sentence it ordered Holsing to pay restitution to the victims for the costs of counseling. It sentenced Holsing to the penitentiary and ordered the Board to determine the schedule of payment of restitution. The trial court's order complied with SDCL 23A-28-3, which in 1998[1]  provided in relevant part:

---

1.     In 1999 the legislature revised SDCL 23A-28-3. 1999 SDSessL ch 124 § 1.

> If the sentencing court orders the defendant to the state penitentiary and does not suspend the sentence, the Board of Pardons and Paroles shall require as a condition of parole that the defendant, in cooperation with the executive director of the Board of Pardons and Paroles, prepare the plan of restitution as described in this section.

[¶9.] Pursuant to SDCL 23A-28-6 the Board gave notice to the victims of the restitution hearing, and following the hearing, set forth the amount of restitution owed to R.S. and determined the schedule of payments. "If the victim is not satisfied with . . . the plan of restitution, the victim's exclusive remedy is a civil action against the defendant, which if successful, may include attorney's fees." SDCL 23A-28-6.

[¶10.] The State does not allege the Board violated SDCL 23A-28-3 when it set Holsing's schedule of payment for restitution. Rather, the State claims that when the trial court sentenced Holsing, it intended Holsing to pay past and future costs of counseling for the victims.[2] The State argues the trial court has continuing jurisdiction to establish additional restitution. Holsing argues, however, that he complied with the restitution order while on parole and under the jurisdiction of the executive branch of government. As a result, Holsing contends the trial court does not have jurisdiction to order him to pay additional restitution.

[¶11.] This Court must review Holsing's sentence to determine if Holsing complied with the trial court's order of restitution. Holsing was sentenced on August 12, 1998. At the sentencing the trial judge orally ordered:

---

2. The trial court said in its memorandum decision dismissing this action for lack of jurisdiction that it did intend for Holsing to pay past and future counseling costs of the victims. However, the trial court's memorandum decision is dated October 18, 2006, eight years after Holsing was sentenced.

> You will pay for the costs of counseling for the victims.
> And at least one of these victims has had to have
> counseling, the fact you utterly disregard.

[¶12.] The State contends the oral sentence includes past and future counseling costs. Holsing contends, and this Court agrees, the oral sentence is open to more than one interpretation. An oral sentence is ambiguous if "the extent of the sentence cannot be ascertained from the language used." State v. Thayer, 2006 SD 40, ¶10, 713 NW2d 608 (quoting United States v. Villano, 816 F2d 1448, 1453 (10th Cir 1987)). The trial court's oral sentence that "[y]ou will pay the costs of counseling for victims" does not adequately set forth the extent of the restitution. As a result, we find that the trial court's oral sentence is ambiguous. "[I]f the [trial court's] oral sentence is ambiguous, the written judgment may be relied on to clarify the ambiguity." State v. Munk, 453 NW2d 124, 125 (SD 1990). Further, the "written sentence must conform to the court's oral pronouncement." State v. Ford, 328 NW2d 263, 267 (SD 1982).

[¶13.] The trial court's written sentence was entered on the same day as the court's oral sentence. The written sentence provides:

> 5. That said Defendant shall make restitution in full
> to the victims for the costs of any counseling that
> said victims *may have incurred* as a result of said
> offenses. (emphasis added.)

The phrase "may have incurred" implies past tense. The suffix "ed" added to incur is used to form the past tense of regular weak verbs. Webster's Ninth New Collegiate Dictionary, 296 (1986 ed). When using the plain ordinary meaning of the words of the written sentence, which we are required to do, we conclude that counseling costs were limited to those incurred and not future costs. *See* SDCL 2-

-4-

14-1. The written sentence clarifies the oral sentence. Any other interpretation would require us to insert words into the oral and written sentence that the defendant was not advised of at the time of sentencing.

[¶14.]    Further, when ordering restitution, the court "shall set forth in the judgment the names and specific amounts of restitution owed to each victim." SDCL 23A-28-3; *see also Thayer*, 2006 SD 40, at ¶16. By interpreting the trial court's restitution order as requiring Holsing to pay counseling costs incurred, the trial court's sentence complied with SDCL 23A-28-3. The victim's initials are set forth in the sentence and the amount of restitution was ascertainable.

[¶15.]    As part of the written sentence the trial court ordered the Board set up a schedule for payment of costs and restitution. When Holsing became eligible for parole, the Board gave notice to the victims of the restitution hearing. Following the hearing, the plan of restitution set forth the amount owed to R.S. and established the schedule of payment. Holsing paid the costs and restitution ordered by the trial court pursuant to the schedule established by the Board. The trial court's order and the Board's setting the restitution payments were all in compliance with the law. SDCL 23A-28-3; 23A-28-5; 23A-28-6. The State never objected to nor asked for clarification of the trial court's oral or written sentence. The State did not object to the amount or schedule of payments of restitution set by the Board. Our statutes on restitution would be rendered meaningless if the State could seek additional restitution after a defendant has complied with the terms and conditions of his sentence.

[¶16.] The State relies on State v. Gullickson, 2003 SD 32, 659 NW2d 388 for the proposition that circuit courts have inherent jurisdiction to enforce restitution orders. The State seeks to overextend the holding in *Gullickson*. In *Gullickson,* we held that a trial court has broad latitude in fashioning a method of dealing with the issue of unpaid restitution and has jurisdiction over an ex-prisoner to compel him to pay court-ordered restitution where the ex-prisoner is no longer under the supervision of the Board. *Id*. In *Gullickson*, the defendant agreed, pursuant to a plea agreement, to make full restitution in the amount of $101,930.38 to his victims. Approximately seven months after release from prison, the defendant stopped making payments. This Court held that the trial court had jurisdiction over the defendant to compel him to pay the court-ordered restitution. The holding in *Gullickson* applies where a defendant fails to pay court-ordered restitution after he is released from parole or probation. Unlike *Gullickson*, however, Holsing complied with his sentence and paid the amount ordered while he was under the jurisdiction of the Board.

[¶17.] This Court is sympathetic to the victims' injuries and by this holding we do not excuse Holsing's criminal behavior. South Dakota law and due process, however, require that as part of the sentence, defendants be advised of the names of victims and specific amounts of restitution owing. SDCL 23A-28-3. The State argues Holsing's due process rights are protected because the State is requesting a hearing to set further restitution. However, due process rights attach at the time of sentencing, when restitution is set, not seven years after sentencing. In setting restitution, "[d]ue process safeguards, however, include the need for finality."

Commonwealth v. Wozniakowski, 860 A2d 539, 545 (PA 2004). The trial court's sentence must comply with due process protection "by informing the defendant of the restitution he faced at the time of sentencing." State v. Wolff, 438 NW2d 199, 202 (SD 1989). Allowing the State to bring Holsing back into court for the purpose of increasing restitution seven years after he was sentenced would unlawfully increase his punishment and violate due process protections. *Id.*, *see also Thayer*, 2006 SD 40.

[¶18.]    The trial court's jurisdiction over Holsing ended when he complied with the schedule of payments of restitution and he was discharged from parole. This is consistent with the principle of separation of powers enunciated in State v. Oban, 372 NW2d 125, 129 (SD 1985); *see also* State v. Hurst, 507 NW2d 918, 923 (SD 1993)("[o]nce an offender is within the jurisdiction of the executive branch of government, the judicial branch – the circuit court – loses jurisdiction and control"). Our holding gives full effect to the trial court's sentence and order of restitution. The trial court does not have jurisdiction to increase the amount of Holsing's restitution.

[¶19.]    Affirmed.

[¶20.]    SABERS, Justice, concurs.

[¶21.]    KONENKAMP and MEIERHENRY, Justices, concur specially.

[¶22.]    GILBERTSON, Chief Justice, dissents.

[¶23.]    MACY, Circuit Judge, for ZINTER, Justice, disqualified.

#24334, 24367

MEIERHENRY, Justice (concurring specially).

[¶24.]     I concur because I agree that the trial court no longer had jurisdiction to set a restitution amount. This case points out the need for the State to request specific amounts of restitution in the sentencing phase and for the trial courts to include exact amounts as part of the sentence. We need look no further than the judge's pronouncement at sentencing. There, the judge merely ordered the defendant to "pay for the costs of counseling for the victims." It is apparent from the judge's further comments that he had not been presented with evidence of how many victims would actually need counseling or the projected cost of the counseling.

[¶25.]     The judge left the cost of counseling and how it was to be paid for the Board of Pardons and Paroles to determine. Perhaps, it was set too low; but as the majority opinion points out, those affected had notice and could have appeared at the Board's hearing to request a more appropriate amount. *See supra* ¶9.

[¶26.]     The law contemplates that full restitution may not be ordered in all cases. The law defines restitution as "full or *partial* payment of pecuniary damages to a victim." SDCL 23A-28-2(4) (emphasis added). The defendant's situation is also part of the equation, and the law required the court or Board to take into consideration the following factors:

> the physical and mental health and condition of the defendant, the defendant's age, the defendant's education, the defendant's employment circumstances, the defendant's potential for employment and vocational training, the defendant's family circumstances, the defendant's financial condition, the number of victims, the pecuniary damages of each victim, what plan of restitution will most effectively aid the rehabilitation of the defendant, and each victim, and such other factors as may be appropriate.

#24334, 24367

SDCL 23A-28-5.

[¶27.]     There were several opportunities here for the State on behalf of the victims or the victims, themselves, to seek a higher amount of restitution. Additionally, SDCL 23A-28-6 provides that "[i]f the victim is not satisfied with the approved or modified plan of restitution, the victim's *exclusive remedy is a civil action* against the defendant, which, if successful, may include attorney's fees." (Emphasis added).  For the State to wait until after the defendant had served his time, paid the set restitution and been restored his citizenship rights is too late and contrary to the law.

[¶28.]     KONENKAMP, Justice, joins this special writing.

GILBERTSON, Chief Justice (dissenting).

[¶29.]     SDCL 23A-28-12 provides:

> Anyone convicted under . . . [SDCL] 22-22-7 . . . **shall** be required as part of the sentence imposed by the court to pay all or part of the cost of any necessary medical, ***phychological, or psychiatric*** treatment, or foster care of the minor resulting from the act or acts for which the defendant is convicted.

*Id*. (emphasis added).[3]  The trial court in its sentence complied with 23A-28-12 in imposing its sentence from the bench upon Holsing when it unequivocally and without qualification declared: "You will pay ***for the costs of counseling*** for the

---

3.     *See also* SDCL 23A-28-1 which provides in pertinent part, "It is the policy of this state that restitution shall be made by each violator of the criminal laws to the victims of the violator's criminal activities to the extent that the violator is reasonably able to do so."

To date Holsing has paid $5,709.25 in restitution.  There remains outstanding $190,768.83 in counseling bills incurred by R.S. Interestingly, Holsing in his brief does not challenge the fact the bills were incurred by R.S. or the reasonableness of the charges.

-9-

victims. And at least one of these victims has had to have counseling, the fact you utterly disregard." (emphasis added).

[¶30.]    I disagree with the Court's analysis of the jurisdictional issue in this case. The Court's fundamental error is its determination that the sentencing court's oral pronouncement was ambiguous with respect to restitution.

[¶31.]    The Court also errs when it references *State v. Ford*, 328 NW2d 263 (SD 1982), to place emphasis on a sentencing court's written judgment over its oral sentence. Actually, in *Ford*, we declared the opposite.

[¶32.]    In *Ford*, the trial court orally imposed a three-year prison sentence upon the defendant. 328 NW2d at 264. Subsequently, and without legal authority after the defendant had begun serving his sentence, the trial court had the defendant delivered back to the court and increased his sentence to ten years imprisonment.[4] *Id*. at 267. Thereafter the trial court signed and entered its written judgment, reflective of the second oral pronouncement. Defending the trial court's written sentence on appeal, the State argued that the ten-year sentence

---

4.    In making the determination that the trial court was without legal authority to increase the defendant's sentence in this manner, we relied on SDCL 23A-31-1, the only provision in our criminal code that authorized a court to modify a sentence after its initial pronouncement. *Ford*, 328 NW2d at 267. While making provision for a reduction of an illegally imposed sentence, we observed that SDCL 23A-31-1 included no provision for increasing a sentence. *Id*. We also cited *State v. Jackson,* 272 NW2d 102 (SD 1978); *Ex parte Watt,* 73 SD 436, 44 NW2d 119 (1950); and, *State v. Hughes,* 62 SD 579, 584, 255 NW 800, 802 (1934) for the proposition that "a valid prison sentence cannot be increased in severity after the defendant has commenced serving it. *Id*.

should stand because the first oral sentence was not signed as required by statute.[5]

However, in reversing the trial court on its imposition of the ten-year sentence, we recognized that our rules of criminal procedure were patterned after the Federal Rules of Criminal Procedure and we adopted the position taken by federal courts, holding that "*the oral sentence is the **only** sentence*." *Id*. at 267-268. Thereafter we subordinated the written sentence to the oral sentence by further holding that the written sentence must conform to the oral and that the original oral sentence must stand despite the trial court's failure to make the written pronouncement comport with the oral. *Id*. at 268.

[¶33.]    Relating this holding to the instant case, the sentencing court's unambiguous oral pronouncement, that Holsing pay *the costs of counseling*, controls over any perceived inconsistency with the written sentence. An unambiguous oral sentence cannot be converted to an ambiguous one by reference to the subsequent written sentence of the court. The oral sentence stands alone; either it is ambiguous or it is not. Since the sentencing court suspended a portion of Holsing's sentence on the condition that he pay these costs without qualification as to when they were incurred, the Board of Pardons and Paroles (the "Board"), retained jurisdiction over this matter, as we observed in *State v. Gullickson*, 2003 SD 32, 659 NW2d 388. In *Gullickson*, we noted that SDCL 23A-27-19, which applies when a

---

5.    In *Ford*, we noted that SDCL 23A-27-4 provided, in pertinent part:

> [J]udgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. . . . *A judgment shall be signed by the judge and entered by the clerk.*

328 NW2d at 267 (quoting SDCL 23A-27-4) (emphasis added).

sentence is conditionally suspended under SDCL 23A-27-18,[6] provides in pertinent part:

> Any person whose sentence is suspended pursuant to this section is under the supervision of the [B]oard of [P]ardons and [P]aroles, . . . *The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge* and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of the suspension.

*Id.* at ¶17, n3, 659 NW2d at 392, n3 (quoting SDCL 23A-27-19) (emphasis added).

[¶34.]    Based on the foregoing analysis I would reverse the trial court's dismissal of the State's application for an order requiring Holsing to pay additional restitution to R.S. and remand with instructions for the trial court to transfer the State's application to the Board for further consideration.

---

6.    SDCL 23A-27-18, provides in pertinent part:

> Upon conviction, the court having jurisdiction to try the offense may suspend the execution of any sentence imposed during good behavior, subject to such conditions *or* restitution as the court may impose.