MACY, Circuit Judge.
[¶ 1.] The trial court concluded it did not have jurisdiction to order Jeffrey J. Holsing (Holsing) to pay additional restitution. Accordingly, it dismissed the State’s motion for an order to show cause why Holsing should not be held in contempt for failure to pay restitution. We affirm.
FACTS AND PROCEDURE
[¶ 2.] On May 26, 1998, Holsing pleaded nolo contendere to three counts of sexual contact with a minor. One of the three victims was R.S. On August 12, 1998, the trial court sentenced Holsing to three concurrent 7-1/2 year terms in the South Dakota State Penitentiary. The trial court suspended three years of each sentence on certain conditions, one of which was Hols-ing make restitution to the victims for the costs of counseling. The trial court further ordered that restitution be paid according to a schedule to be determined by the Board of Pardons and Paroles (Board), should Holsing make parole.
[¶ 3.] On December 13, 2002, the Board held a restitution hearing. The victims were given notice of the hearing. The amount of restitution for R.S. was set at $5,709.25. R.S. did not object to the Board’s plan of restitution. Holsing paid restitution of $5,709.25 to R.S. while on parole. A certificate of discharge from parole was issued on July 25, 2004. On August 12, 2004, Holsing’s citizenship rights were restored.
[¶ 4.] On July 8, 2005, the State filed an application for order to show cause against Holsing seeking to have the trial court order Holsing to pay an additional $190,768.83 in restitution to R.S. The trial court dismissed the State’s application concluding that it no longer had jurisdiction to order Holsing to pay additional restitution.
ISSUE
[¶ 5.] Whether the trial court had jurisdiction to order Holsing to pay additional restitution.
STANDARD OF REVIEW
[¶ 6.] Questions of jurisdiction are reviewed by this Court de novo. State v. Neitge, 2000 SD 37, ¶ 10, 607 N.W.2d 258, 260.
DECISION
[¶ 7.] At the time Holsing was sentenced he was advised that restitution would be a part of his sentence. SDCL 22-6-1 and 22-6-2 authorize trial courts, as part of the sentence, to order a felony or misdemeanor defendant to pay restitution to a victim. In imposing sentence the courts shall enter an order of restitution in accordance with SDCL 23A-27-1 and SDCL ch. 23A-28. Defendants have due process rights concerning restitution. See State v. Tuttle, 460 N.W.2d 157 (S.D.1990). Imposition of restitution requires similar procedural protections as those employed in criminal sentencing. Id. at 158; see also State v. Ruttman, 1999 SD 112, ¶ 3, 598 N.W.2d 910, 911.
[¶ 8.] The trial court advised Holsing that restitution would be a part of his sentence. As part of the sentence it ordered Holsing to pay restitution to the *885 victims for the costs of counseling. It sentenced Holsing to the penitentiary and ordered the Board to determine the schedule of payment of restitution. The trial court’s order complied with SDCL 23A-28-3, which in 1998[1] provided in relevant part:
If the sentencing court orders the defendant to the state penitentiary and does not suspend the sentence, the Board of Pardons and Paroles shall require as a condition of parole that the defendant, in cooperation with the executive director of the Board of Pardons and Paroles, prepare the plan of restitution as described in this section.
[¶ 9.] Pursuant to SDCL 23A-28-6 the Board gave notice to the victims of the restitution hearing, and following the hearing, set forth the amount of restitution owed to R.S. and determined the schedule of payments. “If the victim is not satisfied with ... the plan of restitution, the victim’s exclusive remedy is a civil action against the defendant, which if successful, may include attorney’s fees.” SDCL 23A-28-6.
[¶ 10.] The State does not allege the Board violated SDCL 23A-28-3 when it set Holsing’s schedule of payment for restitution. Rather, the State claims that when the trial court sentenced Holsing, it intended Holsing to pay past and future costs of counseling for the victims.[2] The State argues the trial court has continuing jurisdiction to establish additional restitution. Holsing argues, however, that he complied with the restitution order while on parole and under the jurisdiction of the executive branch of government. As a result, Holsing contends the trial court does not have jurisdiction to order him to pay additional restitution.
[¶ 11.] This Court must review Hols-ing’s sentence to determine if Holsing complied with the trial court’s order of restitution. Holsing was sentenced on August 12, 1998. At the sentencing the trial judge orally ordered:
You will pay for the costs of counseling for the victims. And at least one of these victims has had to have counseling, the fact you utterly disregard.
[¶ 12.] The State contends the oral sentence includes past and future counseling costs. Holsing contends, and this Court agrees, the oral sentence is open to more than one interpretation. An oral sentence is ambiguous if “the extent of the sentence cannot be ascertained from the language used.” State v. Thayer, 2006 SD 40, ¶10, 713 N.W.2d 608 (quoting United States v. Villano, 816 F.2d 1448, 1453 (10th Cir.1987)). The trial court’s oral sentence that “[y]ou will pay the costs of counseling for victims” does not adequately set forth the extent of the restitution. As a result, we find that the trial court’s oral sentence is ambiguous. “[I]f the [trial court’s] oral sentence is ambiguous, the written judgment may be relied on to clarify the ambiguity.” State v. Munk, 453 N.W.2d 124, 125 (S.D.1990). Further, the “written sentence must conform to the court’s oral pronouncement.” State v. Ford, 328 N.W.2d 263, 267 (S.D.1982).
[¶ 13.] The trial court’s written sentence was entered on the same day as the court’s oral sentence. The written sentence provides:
*886 5. That said Defendant shall make restitution in full to the victims for the costs of any counseling that said victims may have incurred as a result of said offenses, (emphasis added.)
The phrase “may have incurred” implies past tense. The suffix “ed” added to incur is used to form the past tense of regular weak verbs. Webster’s Ninth New Collegiate Dictionary, 296 (1986 ed). When using the plain ordinary meaning of the words of the written sentence, which we are required to do, we conclude that counseling costs were limited to those incurred and not future costs. See SDCL 2-14-1. The written sentence clarifies the oral sentence. Any other interpretation would require us to insert words into the oral and written sentence that the defendant was not advised of at the time of sentencing.
[¶ 14.] Further, when ordering restitution, the court “shall set forth in the judgment the names and specific amounts of restitution owed to each victim.” SDCL 23A-28-3; see also Thayer, 2006 SD 40, at ¶ 16, 713 N.W.2d 608. By interpreting the trial court’s restitution order as requiring Holsing to pay counseling costs incurred, the trial court’s sentence complied with SDCL 23A-28-3. The victim’s initials are set forth in the sentence and the amount of restitution was ascertainable.
[¶ 15.] As part of the written sentence the trial court ordered the Board set up a schedule for payment of costs and restitution. When Holsing became eligible for parole, the Board gave notice to the victims of the restitution hearing. Following the hearing, the plan of restitution set forth the amount owed to R.S. and established the schedule of payment. Holsing paid the costs and restitution ordered by the trial court pursuant to the schedule established by the Board. The trial court’s order and the Board’s setting the restitution payments were all in compliance with the law. SDCL 23A-28-3; 23A-28-5; 23A-28-6. The State never objected to nor asked for clarification of the trial court’s oral or written sentence. The State did not object to the amount or schedule of payments of restitution set by the Board. Our statutes on restitution would be rendered meaningless if the State could seek additional restitution after a defendant has complied with the terms and conditions of his sentence.
[¶ 16.] The State relies on State v. Gullickson, 2003 SD 32, 659 N.W.2d 388 for the proposition that circuit courts have inherent jurisdiction to enforce restitution orders. The State seeks to overextend the holding in Gullickson. In Gullickson, we held that a trial court has broad latitude in fashioning a method of dealing with the issue of unpaid restitution and has jurisdiction over an ex-prisoner to compel him to pay court-ordered restitution where the ex-prisoner is no longer under the supervision of the Board. Id. In Gullickson, the defendant agreed, pursuant to a plea agreement, to make full restitution in the amount of $101,930.38 to his victims. Approximately seven months after release from prison, the defendant stopped making payments. This Court held that the trial court had jurisdiction over the defendant to compel him to pay the court-ordered restitution. The holding in Gullickson applies where a defendant fails to pay court-ordered restitution after he is released from parole or probation. Unlike Gullick-son, however, Holsing complied with his sentence and paid the amount ordered while he was under the jurisdiction of the Board.
[¶ 17.] This Court is sympathetic to the victims’ injuries and by this holding we do not excuse Holsing’s criminal behavior. South Dakota law and due process, however, require that as part of the sentence, defendants be advised of the *887 names of victims and specific amounts of restitution owing. SDCL 23A-28-3. The State argues Holsing’s due process rights are protected because the State is requesting a hearing to set further restitution. However, due process rights attach at the time of sentencing, when restitution is set, not seven years after sentencing. In setting restitution, “[d]ue process safeguards, however, include the need for finality.” Commonwealth v. Wozniakowski, 860 A.2d 539, 545 (Pa.Super.2004). The trial court’s sentence must comply with due process protection “by informing the defendant of the restitution he faced at the time of sentencing.” State v. Wolff, 438 N.W.2d 199, 202 (S.D.1989). Allowing the State to bring Holsing back into court for the purpose of increasing restitution seven years after he was sentenced would unlawfully increase his punishment and violate due process protections. Id., see also Thayer, 2006 SD 40, 713 N.W.2d 608.
[¶ 18.] The trial court’s jurisdiction over Holsing ended when he complied with the schedule of payments of restitution and he was discharged from parole. This is consistent with the principle of separation of powers enunciated in State v. Oban, 372 N.W.2d 125, 129 (S.D.1985); see also State v. Hurst, 507 N.W.2d 918, 923 (S.D.1993)(“[o]nce an offender is within the jurisdiction of the executive branch of government, the judicial branch — the circuit court — -loses jurisdiction and control”). Our holding gives full effect to the trial court’s sentence and order of restitution. The trial court does not have jurisdiction to increase the amount of Holsing’s restitution.
[¶ 19.] Affirmed.
[¶ 20.] SABERS, Justice, concurs.
[¶ 21.] KONENKAMPand MEIERHENRY, Justices, concur specially.
[¶22.] GILBERTSON, Chief Justice, dissents.
[¶ 23.] MACY, Circuit Judge, for ZINTER, Justice, disqualified.

. In 1999 the legislature revised SDCL 23A-28-3. 1999 S.D.Sess.L. ch. 124 § 1.

. The trial court said in its memorandum decision dismissing this action for lack of jurisdiction that it did intend for Holsing to pay past and future counseling costs of the victims. However, the trial court's memorandum decision is dated October 18, 2006, eight years after Holsing was sentenced.